## KOSKI v. ALASKA JUNEAU GOLD MINING CO.

(First Division. Juneau. March 22, 1921.)

No. 1948–A.

1. Judgment ⟳610—Action—Death—Executors and Administrators.

Peter Koski was killed in an earth slide which also destroyed his property. His administratrix first recovered judgment for loss of the property, and then brought a second and separate action for the death of Koski, alleging the death was caused by the negligence of the defendant. The defendant by answer pleaded res judicata to the second suit. Plaintiff's demurrer to the plea was sustained, and the court *held* the two causes of action were separate, the proceeds of the first for the loss of property belonged to the estate, and the proceeds of the second for the wrongful death of Koski belonged to the wife and children, under the special provisions of section 1185, Compiled Laws of Alaska 1913.

2. Death ⟳11—Master and servant—Negligence.

At common law there was no civil action for death by wrongful act. Such action is purely a creature of statute.

Peter Koski was killed as the result of a slide occurring on the 2d day of January, 1920. His widow, Mary Koski, was appointed administratrix of his estate. The slide destroyed personal property belonging to the said Peter Koski, and the said Peter Koski was himself killed by said slide. The administratrix brought an action against the Alaska Juneau Gold Mining Company for the loss and destruction of the said personal property, alleging in the complaint that the slide was caused by the negligence of the said company.

At the same time, or shortly thereafter, the said administratrix brought another action against the said mining company for the death of said Peter Koski, alleging that said death was caused by the negligence aforesaid.

The first action was tried and resulted in a verdict for the defendant. There was also a special finding to the effect that the slide was not the result of any act of the defendant. Judgment was duly entered upon the verdict.

The mining company, who had not theretofore answered the second action, then filed its answer therein, setting up the judgment in the first action and pleading the same in bar of the action for the death.

⟳See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Plaintiff demurred to this plea of res judicata, and the question under consideration now is this, to wit: Where the same act causes an injury to, or loss of, personal property and also the death of the owner of said property, is the determination of an action for the loss or destruction of the personal property brought by the administrator a bar to an action brought by the said administrator for damages for the death of the decedent?

Counsel for the mining company contends that this question should be answered in the affirmative and makes several citations to the effect that, where there is an injury to property and an injury to the person by the same act, claims for damages for all such injuries should be joined in one action, and that a failure to do so will make the first action a bar to any subsequent action.

John Rustgard and Henry Roden, both of Juneau, for plaintiff.

Hellenthal & Hellenthal, of Juneau, for defendant.

JENNINGS, District Judge. At common law there was no civil action for death by wrongful act; such action is purely a creature of statute.

Section 1185 of the Compiled Laws of Alaska 1913 provides:

"Such action shall be commenced within two years after the death, and the damages therein shall not exceed ten thousand dollars, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife, or children, him or her surviving; and when any sum is collected it must be distributed by the plaintiff as if it were unbequeathed assets left in his hands, after payment of all debts and expenses of administration, and when he or she leaves no husband, wife, or children, him or her surviving, the amount recovered shall be administered as other personal property of the deceased person."

From the reading of this section it is apparent that, if the decedent leaves a husband, wife, or children, then the estate has no interest whatsoever in any sum that may be recovered. It is only when no husband, wife, or children are left surviving decedent that the estate has any claim on the amount recovered.

In the first case the administrator is a mere trustee for the husband, wife, or children, as the case may be—a person upon whom the law has cast the duty of bringing the action—for when the money is recovered it must go exclusively to the husband, wife, or children, and no other person has any, interest in it; while in the second case, i. e., if there is no husband, wife, or children, the amount recovered is assets of the estate to be administered as other personal property of the deceased person. In the first case the real party in interest is the husband, wife, or children, as the case may be, and the administrator is only a nominal party; while in the second case the administrator is the real party and would be suing for the loss to the general estate represented by him.

"The personal representative, though designated as the person to bring the action, does not derive any right, title, or authority from his intestate, but he sustains rather the relation of a trustee in respect to the fund he may recover for the benefit of those entitled eventually to receive it, and he will hold it when recovered actually in that capacity, though in his name as executor or administrator, and though in his capacity as personal representative, he may perhaps be liable on his bond for its proper administration." 8 R. C. L. § 44, p. 756, and cases cited in notes 11 and 12.

This is not a question as to whether or not damages for injuries to property and personal injury to the owner of the property can be sued for in one action, but rather it is a question as to whether or not an action brought by an administrator in a trustee capacity is barred by an action brought by him in a totally different capacity.

Counsel for defendant have made but one citation which is in point, and that is the case of Cole's Adm'x v. Illinois Central Ry. Co., decided by the Court of Appeals of Kentucky, 120 Ky. 686, 87 S. W. 1082. That case seems to be on all fours with the case at bar. The decision is based on the theory that the proceeds recovered are assets of the estate, but it is difficult to understand how a chose in action to which the intestate had no title and in the proceeds of which neither the estate nor creditors have any interest, but which are to go exclusively to the surviving spouse, can be considered as assets of an estate. The case is not fortified with authorities; it seems to stand alone.

In Peake v. B. & O. Ry., 26 Fed. 495, Hammond, Judge, goes into the matter at great length, and his conclusions are summed up in the following language:

"But as to. damages purely personal, following a policy which determines that in such assets the creditors are not equitably interested, the new legislation [Lord Campbell's Act and other like legislation] gives the proceeds directly to persons named in the statute—a special statute of distribution for this particular fund. Now, it is manifest that two suits are required to keep these two funds apart. If one suit were brought, there would be no way to apportion a verdict in solido, showing how much was for injury to property, and how much for injury purely personal; since the statute makes no provision for such apportionment, as it might have done. * * * Nominally, the parties are the same, and in a broad sense the cause of action and the issues are the same; but in a technical sense none of these conditions exist, as shown by the foregoing reference to the sources of the two suits, and their characteristics, respectively, and the case does not at all come within the familiar requirements of the principle of res adjudicata. The law, in its own wisdom, and in pursuance of its own distinct policies, splits the cause of action. The administrator is the trustee of two distinct funds, for two distinct purposes, and, technically, sues in two distinct capacities, as much as if he represented two decedents, or as if the Legislature had appointed some other agent to bring the personal injury suit rather than himself. * * * In England, it has been held, not only that an administrator may bring two suits, as here suggested he must, but also that one who has been injured both in property and person may, even while living, bring two suits. * * * [Citing several cases.] * * * Whatever may be said of bringing, while one is living, two suits for the same tort to person and property, there can be no objection, under existing statutes, to two suits by his administrator; indeed, there must essentially be two suits for the reasons I have stated, if for no other."

In the last note on page 167 of 50 L. R. A. the author of that compilation says:

"Where the funds arising from a recovery for injuries to the different rights go to, or are required to be distributed to, different persons, two actions and two. judgments are required to keep the two funds separate."

See, also, 15 R. C. L. p. 1013, § 486, text to note 10.

To the same effect is Needham v. Grand Trunk Ry. Co., 38 Vt. 294.

The demurrer to the plea of res judicata will be sustained.