### ISHMAEL v. CITY ELECTRIC OF ANCHORAGE, Inc.
### No. A–6120.

United States District Court, Alaska
Third Division, Anchorage.
June 30, 1950.

---

Harold J. Butcher, Anchorage, Alaska, for plaintiff.

Plummer & Arnell, Anchorage, Alaska, for defendant.

DIMOND, District Judge.

In his second cause of action, the plaintiff is suing as the assignee of a person who, it is alleged, has been injured by the negligence of the defendant. The latter claims that the right of action for a personal injury is not assignable, and that the complaint, in so far as it deals with that cause of action, should be dismissed for the reason that it is not prosecuted by the real party in interest.

Our local statute, Sec. 55-3-1, Alaska Compiled Laws Annotated, 1949, (called A.C.L.A.), Title II, Sec. 25; of the Act of Congress of June 6, 1900, 31 Stat. 321, provides as quoted below: "Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in section 55-3-3; but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract."

Rule 17 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"(a) Every action shall be prosecuted in the name of the real party in interest; * * *

"(b) The capacity of an individual * * * to sue or be sued shall be determined by the law of his domicile."

The above rule applies to procedure. Whether a cause of action for a personal injury is assignable is a matter of substantive law to be determined by the laws of Alaska. 6 Cyclopedia Federal Procedure 114; McWhirter v. Otis Elevator Co., D.C.S.C.1941, 40 F.Supp. 11; Momand v. Twentieth Century Fox Film Corp., D.C. Okl.1941, 37 F.Supp. 649.

It is stated in 4 Am.Jur. 251 that "From an historical point of view, it was the early doctrine that a chose in action arising out of tort was not assignable either at law or in equity. This principle rested largely upon the theory that such a chose in action was not survivable." For a summary of cases on this matter see Sullivan v. Curling, 149 Ga. 96, 99 S.E. 533, 5 A.L.R. 124, 130.

Early English statutes, including 4 Edw. III, Ch. 7 and 31 Edw. III, Ch. 11, modified the common law to permit survival of causes of action in cases of damage, including tort, to real and personal property, but they did not modify the common law as to actions for personal injuries. These statutes became part of the common law of the United States. 1 Am.Jur. 73; XIV Halsbury's Laws of England 299, note k. Since the courts have held that a cause of action which survives is assignable, it follows that the above statutes operate incidentally to remove the restrictions on assignability as to causes of action arising out of tort injuries to real and personal property. 4 Am.Jur. 253; Sullivan v. Curling, 149 Ga. 96, 99 S.E. 533, 5 A.L.R. 124, 130; Momand v. Twentieth Century Fox Film Corp., supra.

In the absence of a statute to the contrary, tort actions for personal injuries do not survive, nor are they assignable. 4 Am.Jur. 251; Momand v. Twentieth Century Fox Film Corp., supra. No Alaska statute directly provides for assignability or survivability.

In this connection Sec. 61-7-1 and 61-7-3, A.C.L.A.1949, may be of interest. They provide in part:

"§ 61-7-1. A cause of action arising out of an injury to the person dies with the person of either party, except as provided in section 61-7-3 * * *."

"§ 61-7-3. When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. * * *"

It may be pointed out that Sec. 61-7-3, quoted above, a version of Lord Campbell's act, is not a survival statute, but creates a new cause of action. 39 A.L.R. 580; 1 Am.Jur. 95; See Gulf, Colorado & Santa Fe Ry. Co. v. McGinnis, 1913, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785.

The instant case has been compared to that of Bell v. Jones,[1] in which this Court held valid an assignment of a cause of action in tort, arising out of damage to property through negligence. The distinction between that case and the one here considered is obvious in view of the foregoing discussion.

The cause of action challenged may be dismissed without prejudice.

---

1. No opinion for publication.