John L. O'DEY, Plaintiff, v. Ernest MATSON, Defendant.

Civil No. A–11,992

District Court for the District of Alaska, Third Division.

Nov. 24, 1958.

Bell, Sanders & Tallman, Anchorage, Alaska, attorneys for plaintiff.

Davis, Hughes & Thorsness, Anchorage, Alaska, attorneys for defendants.

McCARREY, District Judge.

This action arose when the plaintiff filed a complaint involving personal injuries against the defendant on March 9, 1956. The complaint was amended on April 17, 1956, and the defendant answered and counterclaimed on May 14, 1956. The case was then set for trial by jury but before it came up on the calendar the plaintiff died, apparently from natural causes. Plaintiff's administratrix then made a motion to be substituted as party plaintiff. The court approved this substitution on October 17, 1958, whereupon the defendant made a motion that the cause be dismissed on the grounds that personal injury actions in Alaska, if not adjudicated, abate on the death of the injured party.

The question to be answered in this case is whether personal injury actions in Alaska abate on the death of the injured party before final adjudication. The statutes in point are as follows:

Section 61–7–1, A.C.L.A.1949. "Cause of action not surviving. A cause of action arising out of an injury to the person dies with the person of either party, except as provided in section 61–7–3," (wrongful death) "but the provisions of this chapter shall not be construed so as to abate the action mentioned in section 55–3–13," (death after verdict) "or to defeat or prejudice the right of action given by section 55–3–8." (Parent or guardians right to sue for the death of their child.)

"Chapter 102 An Act (S.B. 18). To provide for the survival of a cause of action arising out of personal injury or death after the death of the tortfeasor by amending Sec. 61–7–1 A.C.L.A.1949.

"Be it enacted by the Legislature of the Territory of Alaska:

"Section 1. That Sec. 61–7–1 A.C.L.A.1949 is hereby amended to read as follows:

"Sec. 61–7–1. Survival Of Cause Of Action Arising Out Of Injury To Person Or Death After Death Of Wrongdoer. Causes of action arising out of personal injury or death, caused by the wrongful act or negligence of another, shall not abate upon the death of the wrongdoer, and the injured person or the personal representatives of one meeting death, as above stated, shall have a cause of action against the executor, administrator or trustee of the estate of the deceased wrongdoer.

"Approved March 24, 1949."

"§ 61–7–2. Causes of action surviving: Executor's or administrator's right of action. All other causes of action by one person against another, whether arising on contract

or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter. When the cause of action survives, as herein provided, the executors or administrators may maintain an action thereon against the party against whom the cause of action accrued, or, after his death, against his personal representatives."

■ The plaintiff states that until the act of March 24, 1949, *supra*, was passed there was no survival in cases of this type. Plaintiff is correct on this point. See Ishmael v. City Electric of Anchorage, Inc., D.C.Alaska 1950, 12 Alaska 721, 91 F.Supp. 688. Plaintiff next argues that the act of March 24, 1949, *supra*, was substituted for the former act, Sec. 61–7–1, A.C.L.A.1949, *supra*, and as Sec. 61–7–2 now modifies this act rather than Sec. 61–7–1, A.C. L.A.1949, *supra*, personal injury actions do not abate on the death of the injured party. There is a fallacy in the plaintiff's argument. The Journal of the Senate of Alaska 1949, page 191, shows that the act of March 24, 1949, *supra*, was an amendment, not a substitute. Even if the act of March 24, 1949, *supra*, were treated as a substitute, to construe it to allow survival of personal injury actions after the death of the injured party from non-connected causes would make no sense. Clearly the act of March 24, 1949, *supra*, was meant to create an exception to the common law rule expressed in Sec. 61–7–1, A.C.L.A.1949, *supra*. If the Territorial Legislature meant the act of March 24, 1949, *supra*, to confer more than its literal meaning would imply, a simple all-inclusive survival statute would have accomplished this. The intent of the legislature inferred from their act of March 24, 1949, *supra*, is that actions no longer abate when the wrongdoer dies, but do abate when the injured party succumbs from non-causally connected matters. Sec. 61–7–2, A.C.L.A.1949,

*supra,* does not modify Sec. 61–7–1, A.C.L.A.1949, *supra,* as regards personal injury actions which were singled out by the legislature, in accordance with the common law, for special attention. To apply Sec. 61–7–2, A.C.L.A.1949, *supra,* to modify the act of March 24, 1949, *supra,* is meaningless since the act of March 24, 1949, *supra,* is only an exception, and this would be applying an exception to an exception.

I can well sympathize with plaintiff's predicament, but I cannot rewrite the laws of Alaska where the legislative intent appears to be clear.

■ A careful study of the laws of Oregon, from whence the law in Alaska on this subject came, further leads this court to the same conclusion: that claims for relief for personal injury do not survive the death of the injured party if the death is not causally connected with the injuries in question. See Secs. 1–311, 8–901, 8–902, 8–904, and 9–701, Oregon Compiled Laws Annotated (1940, 1947) and the cases thereunder.

Dated at Anchorage, Alaska, this *24th* day of November 1958.