J. Robert Lynch, J.
Bernard Durkin, a key employee of the plaintiff, was injured while driving the plaintiff’s car. It collided with a vehicle driven by the defendant George and *765 owned by the defendant William’s Tree Surgeons, Inc. The latter moves to dismiss the complaint for failure to state a cause of action. The motion poses two questions — when a third party has negligently injured an employee, may the employer recover from the third party wages voluntarily paid the employee to induce his return to work upon his recovery; may the employer also recover its damage resulting from the lost services of its employee.
There can be no recovery for a voluntary wage payment because such does not give rise to subrogation, either in contract or in equity. (Employers’ Liab. Assur. Corp. v. Daley, 271 App. Div. 662, affd. 297 N. Y. 745; City of New York v. Barbato, 5 N. Y. S. 2d 125; see, also, Ann. 70 ALR 2d 475.)
From at least the year 1612, it has been recognized that under certain circumstances a master could recover from a third party tortiously injuring his servant (Marys’s Case. [1612] 9 Coke 111b, 77 Eng. Beprint 895). “The action was apparently originally based upon status, as in the closely related situations where a parent sues for injury to a child or a husband for injury to his wife, the servant at that time ordinarily being a member of the master’s household and regarded as occupying a quasi-familial relationship with him” (Employer’s right of action against third person tortiously killing or injuring employee, Ann. 57 ALR 2d 802, 803).
Where the person wronged was an employee as distinct from being a quasi-familial servant was the problem squarely met by Woodward v. Washburn (3 Denio 369 [1846]). There, a clerk in the plaintiff’s store was, during store hours, tortiously locked in a bank by the defendant, a teller in the bank. The plaintiff sued for loss of his services. The court, in sustaining judgment for the plaintiff, stated (p. 374): “ It is enough that the relation of master and servant exists between the plaintiff and the person who is disabled or prevented from performing the service he has contracted to perform, by the tortious act of the defendant. It is not necessary, to sustain such action, to show that the person whose service has been lost by the plaintiff was either his apprentice or child. The reason and foundation upon which this doctrine is built seems to be, the property that every man has in the service of those whom he has employed, acquired by the contract of hiring, and purchased by giving them wages ”.
We .have found no further holdings in New York on the rule in the Woodward case since its pronouncement. Other jurisdictions have permitted such causes of action (Damour Prods. Corp. v. Baruch Corp., 135 Cal. App. 351; Ames v. Union Ry. *766 Co., 117 Mass. 541; Jones v. Waterman S.S. Corp., 155 F. 2d 992). As dictum, New York cases have assumed the continued existence of the rule (Bartley v. Richtmyer, 4 N. Y. 38; Lawyer v. Fritcher, 130 N. Y. 239; Tidd v. Skinner, 225 N. Y. 422), although the latest dictum questions it (Employers’ Liab. Assur. Corp. v. Daley, supra). Close analysis suggests that the dearth of cases in point is attributable to the difficulty of establishing other than nominal damages. Be that as it may, because Woodward has not been overruled we deem it necessary to follow it.
That portion of the complaint alleging damage for wages voluntarily paid the employee is stricken and the motion to dismiss the complaint as so amended is denied.