Nathaniel T. Helman, J.
This is a motion by defendant to dismiss the third cause of action for failure to state a cause of action.
The individual plaintiff sues in the first cause of action for damages for personal injuries in an automobile accident, and in the second cause for property damage to his car.
The third cause of action is by his employer to recover for loss of his services in the sum of $5,000.
There are early cases which gave a right of action to a master for loss of services of a servant wrongfully injured by a third person. The old common-law theory was that a servant being a member of the master’s household was regarded as occupying a quasi-familial relationship with him.
An extension of this doctrine was made in Woodward v. Washburn, (3 Denio 369 [1846]). There a clerk in plaintiff’s store was, during store hours, tortiously locked in a bank by an employee thereof. The employer recovered for loss of his employee’s services. This case was followed in Mineral Inds. v. George (44 Misc 2d 764 [Sup. Ct., Onondago County, 1965]) which was an action by an employer suing a third party, who had negligently injured his employee, for loss of its employee’s services.
However, other cases by dicta have expressed doubt as to whether such a cause of action may be maintained in this State (see Employers’ Liab. Assur. Corp. v. Daley, 271 App. Div. 662, 665, affd. 297 N. Y. 745; Tidd v. Skinner, 225 N. Y. 422, 433-434).
In the court’s opinion the correct rule is as stated in Robins Dry Dock & Repair Co. v. Flint (275 U. S. 303, 309): “ no authority need be cited to show that, as a general rule, at least, a tort to the person or property of one man does not' make the tortfeaser liable to another merely because the injured person was under a contract with that other, unknown to the doer of the *86 Wrong * * \ The law does not spread its protection so far. ’ ’ (In accord, Chelsea Moving & Trucking Co. v. Ross Towboat Co., 280 Mass. 282; Crab Orchard Improvement Co. v. Chesapeake & Ohio Ry. Co., 115 F. 2d 277, cert. den. 312 U. S. 702.) The third cause of action is dismissed.