Richard S. Lane, J.
Does an employer have a cause of action for damages against a person who tortiously caused its employee to suffer injuries ? That is the question raised by this motion to dismiss.
Our common-law inheritance from the mother country contains the hoary precedent that a master may maintain an action for loss of services of a servant wrongfully injured by a third person. So it was held by the Supreme Court sitting in Rochester in Woodward v. Washburn (3 Denio 369 [1846]), the court stating at page 374 that: “It is not necessary, to sustain such an action, to show that the person whose service has been lost by the plaintiff was either his apprentice or child. The reason and foundation upon which this doctrine is built seem to be, the property that every man has in the service of those whom *713 he has employed, acquired by contract of hiring, and purchased by giving them wages.”
Obeisance or at least lip service has continued to be given to this doctrine right up to the last decade (Bartley v. Richtmyer, 4 N. Y. 38; Lawyer v. Frichter, 130 N. Y. 239; Tidd v. Skinner, 225 N. Y. 422; Mineral Inds. v. George, 44 Misc 2d 764; but see Employers’ Liab. Assur. Corp. v. Daley, 271 App. Div. 662, 665, affd. 297 N. Y. 745, expressing doubt as to whether the rule still exists in this State).
Not until 1967 did Judge Nathaniel Helman of the Supreme Court in this county come alone with the courage to refuse to follow Dotoratos v. Greenidge (54 Misc 2d 85). I’m with him. Not only would widespread awareness of the rule inundate the courts with vicarious lawsuits, but also and more important, talking of property rights in the sweat of a man’s brow falls on my ears like an alien language. It may have been meet in the early days of the crafts in England, when a servant lived almost as a member of the master’s household and was maintained by the master. It is an absurdity in today’s urban world.
Plaintiff seeks to avoid the impact of the Dotoratos case (supra) by asserting that it is not claiming for loss of services but for travel and lodging expenses incurred. Fine. Plaintiff thus emerges in the harsh glare of the sun bereft of even its outmoded parasol.
Motion granted.