John T. Casey, J.
The defendant’s motion is simply to dismiss the second cause of action as alleged in the complaint for legal insufficiency. The determination depends on whether or not an employer has a cause of action for loss of services sustained as the result of injury to a key employee through the negligence of the defendant.
The plaintiff employee is a designer and developer of products for the plaintiff employer. As the result of an airplane crash which occurred through the alleged negligence of the defendants he was injured, and the plaintiff employer contends in the second cause of action that as a result of those injuries it was deprived of his special and unique talents and services which were irreplaceable and as a consequence the plaintiff employer suffered the loss of large sums of money which it could reasonably expect as profit from his endeavors.
As long ago as 1846 (see Woodward v. Washburn, 3 Denio 369) the then highest court of New York, the Supreme Court, held that a cause of action existed for loss of services sustained *819 by a merchant when his servant clerk was illegally detained by the teller of a bank for a half-hour period. Mineral Ind. v. George (44 Misc 2d 764) was the first occasion in which the Woodward rule was cited and that case on constraint of Woodward permitted a cause of action for loss of services to an employer when his employee was negligently injured. Dotoratos v. Greenidge (54 Misc 2d 85) went contra and denied recovery to an employer for loss of services when his employee was negligently injured and rejected Mineral Ind. as an overly protective extension of the common law.
The defendant herein, in support of its motion, urges that the relationship in Woodward of the injured employee to the plaintiff employer was in fact servant clerk and that in today’s sophisticated society such a relationship no longer exists and rather implies a vestige of slavery and, therefore, such authority is no longer valid precedent and certainly should not be extended to include every employer-employee relationship as we understand such terms today.
The plaintiff in opposition contends that the principle is sound and that employers should have a cause of action for loss of services to key employees and that no multiplicity of lawsuits would result since no more than nominal damages could be proven, except for key employees. Moreover, the plaintiff urges that the principle of Woodward, if it is to be changed, should be changed by the Court of Appeals.
In my opinion, Woodward is no obstacle to granting the defendant’s motion. Woodward extended the class of persons who could sue for loss of services because they fell within the category of in loco parentis (and which theretofore had existed for slaves) to servants and apprentices. It never extended the principle to all employer-employee relationships. Therefore, that case serves as no predicate for such an extension here. Moreover, in my opinion, the Woodward rule gave a cause of action to a master for loss of services to his servant, only in an intentional tort situation. Whatever may be said for allowing a cause of action for loss of services sustained by a master when a servant is injured through the intentional tort of another cannot be said for an employer (as that term is understood in today’s society) who sues for loss of services on account of mere or incidental negligence. To permit such interpretation would illogically extend the Woodward rule at both ends, i.e., in the relationship and in the tort itself. (See Snow v. West, 250 Ore. 114.)
The defendant’s motion is granted.