**STATE FARM MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Robert N. WAINSCOTT, Administrator of the Estate of Deborah K. Wainscott, Defendant.**

**No. A76–219 Civil.**

United States District Court, D. Alaska.

Nov. 10, 1977.

Paul W. Waggoner, Biss & Holmes, Anchorage, Alaska, for plaintiff.

Charles W. Hagans, Hagans, Smith, Brown, Erwin & Gibbs, Anchorage, Alaska, for defendant.

## MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

This cause comes before the court on plaintiff's motion to reconsider. By this motion plaintiff requests the court to reconsider a portion of its memorandum of September 30, 1977. To the extent that the present motion requests the court to reconsider its prior ruling the motion to reconsider is granted.

This case involves in part a request for declaratory relief by plaintiff insurer that the policy of insurance issued to defendant does not apply to an accident involving defendant's daughter. Defendant's daughter died as the result of injuries she received while she was a passenger in an uninsured automobile owned by a third individual.

■ The court's jurisdiction is based upon diversity of citizenship. In construing the State statutes herein the court is guided by State law. *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). When State decisions are unavailable, of course, the court must adopt the approach that it predicts the State courts would adopt in such a case. *See* 1A, *Moore's Federal Practice*, ¶ 0.309[21] its prior memorandum the court concluded that insurance coverage was afforded in this case under the rationale of *State Farm Mutual v. Selders*, 187 Neb. 342, 190 N.W.2d 789 (Neb. 1971). *Selders* held, under similar facts as those in the present case, that uninsured motorists coverage similar to that in the present policy provided coverage. The clause in question defines insureds as:

> (3) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies [sustained by an insured under (1) or (2) above].

In Nebraska and Alaska there are statutes requiring that the uninsured motorist coverage protect "*persons insured thereunder who are legally entitled to recover damages* from the owners of uninsured motor vehicles . . . ." *Selders, supra* 190 N.W.2d at 792 (emphasis in original); A.S. § 28.20.-440(b)(3).

On its face the clause in *Selders* and the instant case only appear to apply if the insured sustains bodily injury. The court in *Selders*, however, construed the clause to be an attempt to comply with the quoted statutory language. As the insured under that policy under Nebraska law was legally entitled to recover for the death of his child coverage was afforded.

Plaintiffs request the court to reject *Selders* for two reasons. It maintains that under Alaska law a parent may only maintain an action for wrongful death as a trustee or representative. Thus, it contends, as the parent has no right to recover damages in an individual capacity *Selders* should be rejected to the extent that it allowed such recovery on the parents' uninsured motorist coverage. Plaintiff further requests the court to reject the interpretation adopted in *Selders* of the "insured" as defined by the state statute and insurance clause. The court first considers the nature of the parents' rights under the various Alaska Statutes.

■ The Alaska wrongful death statute [1] is closely modeled after the precursor of most wrongful death statutes, Lord Campbell's Act, 9 & 10 Vict. Ch. 93 (1846). *Ishmael v. City Electric of Anchorage*, 91 F.Supp. 688, 690, 12 Alaska 721, 724 (D.Alaska 1950); Speiser, *Recovery for Wrongful Death*, § 2:1, p. 62. (hereinafter Speiser). This statute creates an entirely new cause of action for wrongful death. *Ishmael supra* ; Speiser, § 5:1, p. 575. Under the Alaska wrongful death statute if the decedent leaves a husband, wife, child, or other dependents, the action is brought in the name of the personal representative with the husband, wife, child or dependent as the real party in interest.[2] *Koski v. Alaska Juneau Gold Mining Co.*, 6 Alaska 334, 336 (D.Alaska 1921). In other cases the personal representative is the real party suing for the loss to the general estate represented by him. *Id.*

A second statute relating to the injury or death of a child provides that a parent may "maintain an action as plaintiff. . . ."[3] The question presented is whether this statute is a mere procedural device allowing the parent to bring an action on behalf of the estate of the child or whether this section creates a substantive right to recovery in the parent.[4] For reasons that subsequently appear the court holds that this statute is of a procedural nature creating no independent right of recovery in the parent.

This question was considered in a similar context in *Mayhew v. Burns*, 103 Ind. 328, 2 N.E. 793 (1885). That court concluded that very similar Indiana statutes created an independent right in the parents. *Id.* 2 N.E. at 796. This court disagrees with the Indiana court. The court in *Mayhew* looked at Indiana's counterpart to Alaska's wrongful death statute which specifically spoke of actions on behalf of widows, children and next of kin, *Id.* at 795, and concluded that the statute appeared to apply only when there was a person who was dependent upon the deceased. It thus concluded that when parents survived a minor child there could rarely be dependents and the statute giving the parents a right to sue must be utilized. *Id.* at 796. The court also concluded that it would create practically nothing if the statute relating to parents merely named who could bring an action. *Id.*

The court initially disagrees with the reasoning of the Indiana court which led it to the conclusion that the wrongful death statute did not contemplate an action when

---

1. "When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission . . . [T]he amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife or children, him or her surviving, or other dependents. When the decedent leaves no husband, wife or children surviving him or her or other dependents, the amount recovered shall be administered as other personal property of the deceased person but shall

be limited to pecuniary loss." A.S. § 09.55.-580(a).

2. See note 1, *supra.*

3. "A [parent] may maintain an action as plaintiff for the injury or death of a child below the age of majority. A guardian may maintain an action as plaintiff for the injury or death of his ward." A.S. § 09.15.010.

4. This issue would not be present under a pure version of Lord Campbell's Act as that Act grouped "Parent" with Husband, Wife, and Child. Lord Campbell's Act, II.

there were no dependents. The Indiana statute allowed an action by "next of kin." The Alaska counterpart speaks of actions "When the decedent leaves no husband, wife or children surviving him or her or other dependents . . . ." A.S. § 09.55.-580(a). Thus, both of these statutes, and particularly the Alaska statute, contemplate actions by relatives who are not dependent upon decedent.

Having construed the Indiana wrongful death statute to create no substantive claim for relief the court in *Mayhew* filled the gap by concluding that the parental rights statute conferred such a claim. *Mayhew v. Burns, supra*, at 796. As previously stated this gap is not as apparent to this court as it was to the Indiana court and there is no need to create a substantive claim merely to fill the void.

The second, and perhaps stronger, reason for the court in *Mayhew* to conclude that the parents had an independent claim was that otherwise the statute would be virtually meaningless. This court has little disagreement with the conclusion reached. It does seem, as stated in *Mayhew*, that "to say that the right of action given to the father for the injury or death of a child means nothing more than that he is the proper party in whose name the right to damages . . . may be enforced for the next of kin, is to say that it gives the father no right at all." *Id.* While this statutory appointment of the parent as the person to bring the action will ease slightly the burden of formally appointing a representative and fill an interstice between the wrongful death statute and Rule 17(c), Alaska R.Civ.Pro.,[5] in the case of the death or injury of a minor child that function is not substantial. Thus it appears that there is little in the way of positive impetus toward the result that the parents have an independent right. Rather, as the *Mayhew* court reasoned, the opposite result leaves little meaning to a statutory section.

The court has attempted to discern any forceful reasons to adopt the reading of this statute which would make it a mere procedural vehicle and that attempt has not proven fruitful to any great extent. It is not enough, as plaintiff argues, to state that the fact that a decedent's own negligence will bar a wrongful death recovery proves that all wrongful death recoveries are derivative. As has been previously stated Lord Campbell's Act created a new claim for wrongful death in the various beneficiaries and the effect of the decedent's negligence is statutorily imposed. Speiser, § 5:1, p. 575.

As with the opposing position the strongest arguments in favor of the procedural approach are the difficulties that inhere in the opposite construction. If the court concludes that this statute creates independent rights in the parents to recover for wrongful death the statute would also appear to create an independent right of the parents to sue for the injury to their child. Indeed, even a guardian would appear to have the right to recover for the death *or injury* to his ward. This last result did not occur in *Mayhew* as the statute therein stated, "But when the action is brought by a guardian for an injury to his ward, the damages shall inure to the benefit of his ward." *Mayhew v. Burns, supra* 2 N.E. at 795.

In addition if the court were to read the section in question as creating substantive rights there is nothing that would tie it to the limitations contained in the general wrongful death statute, A.S. § 09.55.580. Such a result seems unwarranted.[6]

---

**5.** "Whenever an infant . . . has a representative . . . the representative may sue or defend on behalf of the infant . . . If an infant . . . does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant . . . not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant . . ." Rule 17(c), Alaska R.Civ.Pro.

**6.** The court can find no significance in the wording of the Alaska survival statute, A.S. § 09.55.570, which states:

"All causes of action by one person against another . . . survived to the personal representatives of the former . . . but

■ Upon these considerations the court must conclude that an action for wrongful death of a child below the age of majority may be commenced by the parents of the child or the personal representative of the child. When the child leaves no husband, wife, children or other dependents the measure of damages is limited to pecuniary loss and must be administered as other personal property of the deceased. *Id; see generally* Speiser, § 4:22, 506–507.

■ As this parent may only maintain the action herein in a representative capacity with the potential recovery to be distributed as the decedent's personal property it would be a strained reading to conclude that he was insured in the capacity as personal representative or potential beneficiary under his uninsured motorist coverage. To the extent *Selders* so held it must be rejected.[7]

Accordingly IT IS ORDERED:

THAT to the extent that plaintiff's motion to reconsider requests this court to alter its prior ruling, the motion is granted in·conformity with this memorandum.

DATED at Anchorage, Alaska, this 10th day of November, 1977.

this shall not be construed . . . to defeat or prejudice the right of action given by A.S. 09.15.010."

7. The court does not, therefore, pass on the applicability of the *Selders* rationale in those cases in which the individual has a personal claim for relief.