Wilma Lee **BOWEN**, Personal Representative of the Estate of Ruby M. Koslosky, Deceased, on behalf of Ruby M. Koslossky, and Lee W. Hartley, on behalf of Bag and Baggage, Inc., an Alaska Corporation, Plaintiffs,

v.

**PAN AMERICAN WORLD AIRWAYS, INC.**, a corporation, and KLM Royal Dutch Airlines, Inc. (Koninklijke Luchtvaart Maatschappij, N. V.), a foreign corporation, Doe 1, Doe 2, and Doe 3 through 10, inclusive, Defendants.

William **BLACKMON**, Personal Representative of the Estate of Ralph M. Koslosky, Deceased, on behalf of Ralph M. Koslosky, and the children of the Deceased, Larry Koslosky, Mark Koslosky, Cheryl Koslosky and Gerald Lee Koslossky, and Jan M. Koslosky, on behalf of Koslosky Enterprises, Inc., an Alaska Corporation, Plaintiffs,

v.

**PAN AMERICAN WORLD AIRWAYS, INC.**, a corporation, KLM Royal Dutch Airlines, a corporation, the Boeing Company, a corporation, Doe 1, Doe 2, and Doe 3 through 10, inclusive, Defendants.

Nos. 77 Civ. 4076, 77 Civ. 4077

United States District Court,
S. D. New York.

March 30, 1979.

Charles E. Tulin, Anchorage, Alaska, for Bowen.

James F. Leggett, Tacoma, Wash., for Blackmon.

James J. Delaney, Jr., Anchorage, Alaska, Delaney, Wiles, Moore, Hayes & Reitman, Anchorage, Alaska, Randal R. Craft, Jr., Peter Hoenig, Haight, Gardner, Poor & Havens, New York City, for Pan Am.

ROBERT J. WARD, District Judge.

Defendant Pan American World Airways, Inc. ("Pan Am") moves to dismiss the seventh cause of action of the first amended complaint in each of these companion wrongful death actions arising from the collision of a Pan Am 747 jet aircraft with a KLM Royal Dutch Airlines 747 jet aircraft on the airport runway at Santa Cruz de Tenerife, the Canary Islands, Spain, on March 27, 1977. For the reasons hereinafter stated, the motions are granted.

In the seventh cause of action of the *Blackmon* complaint, plaintiff Jan M. Koslosky alleges that Koslosky Enterprises, Inc. suffered damages as a result of the wrongful death of Ralph M. Koslosky, general manager of the corporation. Specifically, the complaint alleges that Koslosky Enterprises, Inc. was damaged "in its business, contract and economic relationship with the decedent" and that the corporation "incur[red] the expense of recruiting, training, and hiring a substitute general manager from without the family corporation." The seventh cause of action further alleges that Koslosky Enterprises, Inc. "was deprived of the business and personal business influence of decedent, Ralph M. Koslosky, and, as a direct and proximate result thereof, plaintiff corporation has suffered a reduction in projected economic relations. . . . " A similar claim as a result of the death of Ruby M. Koslosky is alleged by plaintiff Lee W. Hartley on behalf of Bag and Baggage, Inc. in the *Bowen* action.

Pan Am's position is simply that Alaska law does not permit a wrongful death action to be maintained by or on behalf of a corporation which employed the decedent prior to his or her death. It maintains that the Alaska wrongful death act, AS 09.55.580, provides the exclusive remedy for the deaths of the decedents herein and that corporations by which decedents were employed are not among the enumerated beneficiaries of that statute.[1]

1. The Alaska wrongful death act, AS 09.55.580, provides in pertinent part:

(a) When the death of a person is caused by the wrongful act or omission of another,

Plaintiffs agree that Alaska law applies in these cases and appear to concede that a recovery on behalf of the respective corporations could not be based upon the provisions of Alaska's wrongful death act. Rather, they ask the Court to recognize a common law right of action for wrongful death in Alaska and assert that at common law an employer could recover for the loss of the services of a key employee resulting from the negligence of the defendants. Plaintiffs also argue on the basis of the liability stipulation entered into in these cases that Pan Am is estopped from challenging the propriety of the corporations' claims. In addition, they contend that these motions are untimely. The Court finds that each of plaintiffs' arguments is without merit.

Turning first to plaintiffs' claim of a common law cause of action, it is clear that Alaska has recognized no common law claim for wrongful death and that, as Pan Am contends, the statutory remedy in that state has been the exclusive one. *E. g., In re Estate of Pushruk,* 562 P.2d 329 (Alaska 1977); *Koski v. Alaska Juneau Gold Mining Co.,* 6 Alaska 334, 335 (D.Alaska 1921); *State Farm Mutual Ins. Co. v. Wainscott,* 439 F.Supp. 840 (D.Alaska 1977); *Ishmael v. City Electric of Anchorage, Inc.,* 91 F.Supp. 688, 690, 12 Alaska 721, 724 (D.Alaska 1950); *accord, Elliott v. Day,* 218 F.Supp. 90 (D.Or.1962). Plaintiffs appear to argue on the basis of *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), and *Sea-Land Services,*

*Inc. v. Gaudet,* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), cases recognizing a common law cause of action for wrongful death under general maritime law, that the Alaska Supreme Court would today recognize such a cause of action under that state's law.[2] Although the Court has been provided no explanation as to why the holdings or reasoning of *Moragne* and *Gaudet* should be extended beyond cases under general maritime law, the Court notes its familiarity with *Gaudette v. Webb,* 362 Mass. 60, 284 N.E.2d 222 (1972), in which the Supreme Judicial Court of Massachusetts reversed its longstanding rule and recognized a common law cause of action for wrongful death on the basis of *Moragne.*

Assuming that plaintiffs intend to argue that the Alaska Supreme Court would follow Massachusetts in this regard, this Court does not find their position persuasive. None of the states that have addressed the question since *Moragne* and *Gaudette* have followed the lead of Massachusetts in recognizing a common law death action. On the contrary, the highest courts of all the states that have considered the issue have refused to recognize a common law supplement to the statutory cause of action for wrongful death. *See Ratka v. St. Francis Hospital,* 44 N.Y.2d 604, 407 N.Y.S.2d 458, 378 N.E.2d 1027 (1978); *Kausch v. Bishop,* 568 S.W.2d 532 (Mo.1978) (en banc); *Short v. Flynn,* 374 A.2d 787 (R.I.1977); *Justus v. Atchison,* 19 Cal.3d 564, 139 Cal.Rptr. 97, 565 P.2d 122 (1977) (en banc); *Mattyasovszky v. West*

the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. The action shall be commenced within two years after the death, and the damages therein shall be such damages as the court or jury may consider fair and just, and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children when he or she leaves a husband, wife or children, him or her surviving, or other dependents. When the decedent leaves no husband, wife or children surviving him or her or other dependents, the amount recovered shall be administered as other personal

property of the deceased person but shall be limited to pecuniary loss.

2. Plaintiffs in both cases argue that they may assert wrongful death claims on behalf of the respective corporations under common law. The Court notes that only Jan M. Koslosky, plaintiff in *Blackmon,* has specifically based this argument on *Moragne* and *Gaudet* and that plaintiff Lee W. Hartley in *Bowen* appears to rely solely on the common law rule that a master might recover for loss of services resulting from a negligent personal injury to his servant. For purposes of its decision, however, the Court has considered plaintiffs' arguments against dismissal of the corporate claims in the aggregate.

*Towns Bus Co.*, 61 Ill.2d 31, 330 N.E.2d 509, 512 (1975).

Moreover, in *In re Estate of Pushruk*, 562 P.2d 329 (Alaska 1977), the Supreme Court of Alaska, presumably with full knowledge of the *Moragne, Gaudet* and *Gaudette* decisions, reconfirmed that it considers the statutory remedy for wrongful death to be the exclusive one. In that case the court, reasoning that "[a]ctions, like wrongful death, which arise by legislative fiat are to be strictly construed," *id.* at 332, refused to do precisely what plaintiffs contend it would now do, *i. e.*, expand the class of beneficiaries who may assert claims for wrongful death. Furthermore, even in recognizing a common law basis for recovery, the Massachusetts court in *Gaudette* made clear that who could bring an action and on whose behalf would continue to be governed by the provisions of the Massachusetts wrongful death act. 284 N.E.2d at 229. Thus, even if the Alaska Supreme Court were to follow *Gaudette*, it would do nothing to advance the claims by the corporations herein.

The Court sees no reason to expect that the Alaska Supreme Court would grant a cause of action in favor of employers for their injuries arising from the wrongful deaths of their employees. Plaintiffs have cited no case from any jurisdiction allowing such recovery. Indeed, the Fourth Circuit, interpreting West Virginia law, expressly rejected the existence of such a claim in *Preiser Scientific, Inc. v. Piedmont Aviation, Inc.*, 432 F.2d 1002 (4th Cir. 1970) (per curiam), *cert. denied*, 401 U.S. 1009, 91 S.Ct. 1253, 28 L.Ed.2d 545 (1971). The only cases the Court has come across permitting a cause of action in favor of an employer have concerned injury to the employee, not death. Even these cases—none of which arise under Alaska law—have been criticized by other courts for recognizing a cause of action that has become an anachronism. *See, e. g., United States v. Atlantic Coast Line R. Co.*, 64 F.Supp. 289 (E.D.N.C.1946); *Philadelphia v. Philadelphia Rapid Transit Co.*, 337 Pa. 1, 10 A.2d 434 (1940); *Chelsea Moving & Trucking Co.*

*v. Ross Towboat Co.*, 280 Mass. 282, 182 N.E. 477 (1932); *Dotoratos v. Greenidge*, 54 Misc.2d 85, 281 N.Y.S.2d 498 (Sup.Ct.1967). For all of the foregoing reasons, the Court holds that the Alaska Supreme Court would not recognize the claims asserted on behalf of the corporations herein.

■ Plaintiffs' additional arguments based upon the liability stipulations entered into by the parties can be disposed of rapidly. Pursuant to the stipulations, defendants agreed not to contest liability for compensatory damages, and plaintiffs waived their claims for punitive damages. There was, however, no agreement that the named plaintiffs were the proper plaintiffs or that the named plaintiffs had a valid cause of action against the defendants. Paragraph 1 of the stipulations states only that the plaintiffs "purport" to be the proper plaintiffs. In the Court's view, the purpose and import of this language are to make clear that the defendants do not necessarily agree with the plaintiffs' assertion on this issue. Plaintiffs have offered no other interpretation of this language. Thus, the Court concludes that if the named plaintiffs purport to be proper plaintiffs, but are not, defendants are not estopped or otherwise precluded by the liability stipulation from questioning the plaintiffs' right to assert the claims in the complaint.

In light of paragraph 1, paragraph 5 of the stipulation, in which defendants reserved all defenses other than the Warsaw Convention/Montreal Agreement limitations on recoverable compensatory damages and the defense of no liability for compensatory damages, only prevents defendants from denying liability for compensatory damages with respect to the *proper* plaintiffs and preserves the defense that the claims of the purported plaintiffs are not cognizable under the applicable law. *See Vogel v. Pan American World Airways, Inc.*, 450 F.Supp. 224, 227 (S.D.N.Y.1978). Indeed, to interpret the agreement not to contest liability for compensatory damages as plaintiffs urge, would render the reser-

vation of defenses clause in paragraph 5 a nullity.[3]

The assertion that these motions are untimely is also without merit. Although technically a motion under Rule 12(b)(6), Fed.R.Civ.P., to dismiss the complaint for failure to state a claim upon which relief can be granted should be raised by motion prior to service of a responsive pleading, courts have considered motions made thereafter where, as here, the defense has been previously included in the answer. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1361, at 643 & n. 35 (1969). Furthermore, under Rule 12(h)(2), Fed.R.Civ.P., the defense of failure to state a claim may be made by motion for judgment on the pleadings or even at the trial on the merits. Although the parties have executed stipulations with regard to the issue of liability, no trial has been had in either of these cases. Thus, defendants' motions are not untimely.

Plaintiffs' final contention that they have been prejudiced in that the evidence relating to negligence and punitive damages was not developed by them because of their reliance on the stipulation is not persuasive. Because, as a matter of law, plaintiffs fail to state claims for the corporations upon which relief can be granted, there is nothing they could have done differently to improve their positions in these actions.

Accordingly, Pan Am's motion to dismiss the seventh cause of action in each of these two cases is granted.

It is so ordered.

---

3. In addition, the stipulation was intended to resolve the issue of liability promptly by agreement in order to avoid costly and time-consuming liability discovery. For defendants to have conducted the factual investigations and legal research necessary to prepare themselves to raise their other defenses prior to signing the stipulation would have resulted in substantial delays, frustrating the stipulation's very purpose of expediting the liability stage of this multidistrict litigation.