SIZEMORE v SMOCK

Docket No. 82973. Submitted November 2, 1985, at Lansing. Decided November 3, 1986. Leave to appeal applied for.

Plaintiff Valera S. Sizemore, a fifteen-year-old, was struck and injured by an automobile driven by defendant Bruce K. Smock and owned by defendant Peter Alumbaugh, Inc. Valera brought an action in the Genesee Circuit Court against defendants. Her mother, Veda K. Sizemore, joined in the action, alleging loss of society, companionship and protection as a basis of recovery. The court, Judith Ann Fullerton, J., granted summary judgment against Veda Sizemore, holding that there was no action to recover for loss of society and companionship of a negligently injured child and that she had no cause of action for attending to her child's medical needs because she is compensated through the no-fault insurance act for such expenses, making a separate action unnecessary. Veda Sizemore appealed.

The Court of Appeals *held:*

1. A parent of a negligently injured child may maintain a cause of action against the tortfeasor for damages for loss of the aid, comfort, society and companionship of that child.

2. The court was correct in holding that Veda Sizemore's exclusive remedy for her daughter's medical expenses is under the no-fault act.

Reversed and remanded.

NEGLIGENCE — PARENT AND CHILD — LOSS OF SOCIETY AND COMPANIONSHIP — ACTIONS.

A parent of a negligently injured child may maintain a cause of action against the tortfeasor for damages for loss of the aid, comfort, society and companionship of that child; such an action should be joined with the action of the child for the child's personal injuries.

REFERENCES

Am Jur 2d, Damages §§ 2, 101.

Parent's loss of child's society and companionship as element of damages for injury to child. 69 ALR3d 553.

What items of damages on account of personal injury to infant belong to him, and what to parent. 32 ALR2d 1060.

*C. Robert Beltz,* for plaintiffs.

*Gault, Davison, Bowers & Hill* (by *Guy H. Hill*), for defendants.

Before: Bronson, P.J., and Allen and M. H. Cherry,* JJ.

Per Curiam. The issue in this appeal concerns whether a parent of a negligently injured child should be permitted to recover damages against the negligent actor for the loss of society, protection and companionship of the minor child. The trial court ruled that Michigan law does not recognize a cause of action in the parent of a negligently injured child for loss of companionship, society and protection of the child and as a result granted summary judgment to the defendants. We reverse.

On October 28, 1984, an automobile struck fifteen-year-old Valera Sizemore as she was riding her bicycle. The automobile was driven by defendant Smock and owned by defendant Peter Alumbaugh, Inc. Valera Sizemore sustained serious injuries as a result of the accident.

Valera subsequently filed suit in Genesee Circuit Court to recover for her injuries and her mother, Veda Sizemore, joined in the action. As relevant to this appeal, plaintiffs' complaint made the following claim for damages against the defendants on behalf of Veda Sizemore:

11. As a result of the above described accident, the Plaintiff, Veda K. Sizemore, sustained the loss of the companionship, society and protection of her daughter as well as the necessity to care for her daughter's physical needs, and to provide medical care and treatment for her and parental concern

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

regarding the serious injuries her daughter sustained.

Defendants promptly moved for summary judgment pursuant to GCR 1963, 117.2(1) against Veda Sizemore, asserting that no Michigan statute or case recognizes a parent's claim for loss of companionship and society when a child is negligently injured. As previously indicated, the trial court agreed and granted defendants' motion. The court also determined that Veda did not have a cause of action for attending to her child's medical needs, because she is compensated through the no-fault insurance act for such expenses, making a separate action unnecessary. Plaintiff Veda Sizemore now appeals as of right.

In *Berger v Weber*, 411 Mich 1; 303 NW2d 424 (1981), our Supreme Court recognized a cause of action on the part of a *child* for loss of parental society and companionship when a parent is negligently injured. The Court reasoned that existing judicial and legislative policies concerning the value of the parent-child relationship warranted recognizing a child's cause of action for loss of society and companionship of a negligently injured parent. *Id.,* p 13. However, the Michigan courts have never expressly recognized a similar cause of action in favor of a parent to compensate a parent's corresponding loss when a child is injured. *Id.,* p 31 (LEVIN, J., dissenting). Michigan case law does recognize a distinct cause of action in favor of the parents of a wrongfully injured child, but recovery has always been limited to the parents' loss of services and expenses incurred. See *Gumienny v Hess,* 285 Mich 411; 280 NW 809 (1938).

Analogizing and expanding the reasoning in *Berger* to the present case, plaintiff argues that this Court should now explicitly recognize a cause

of action in favor of the parent for the loss of society and companionship of a negligently injured child. Defendants maintain, however, that, because there are significant differences between the loss to a child of a parent's companionship and society in terms of the possible effect on a child's development and the loss to a parent of a child's companionship, we should not recognize such a claim on behalf of a parent. Defendants further contend that recognition of such a cause of action would proliferate litigation because we would allegedly be required to recognize in future cases a similar cause of action on behalf of brothers, sisters, cousins, aunts, uncles, close friends and numerous others. We find defendants' arguments to be unpersuasive.

Under the Michigan wrongful death act, MCL 600.2922; MSA 27A.2922, a parent may collect for the loss of society and companionship when their child is killed as a result of the negligent acts of another. *Hebert v Cole,* 115 Mich App 452, 455-456; 321 NW2d 388 (1982), lv den 417 Mich 863 (1983). In fact, a similar anomaly was in part the reason in *Berger* why our Supreme Court decided to recognize a child's cause of action for loss of parental society and companionship. The Court stated:

> We are satisfied that the real anomaly is to allow a child's recovery for the loss of a parent's society and companionship when the loss attends the parent's death but to deny such recovery when the loss attends the parent's injury. [*Berger, supra,* p 15.]

Clearly, when a child is negligently injured a corresponding "injury" to the parent is within the foreseeable risk of harm, see *Welke v Kuzilla,* 144 Mich App 245, 253; 375 NW2d 403 (1985), and

whether a child is injured or killed the loss suffered by the parent can be devastating. In the case of injury, the quality of the parent-child relationship can be seriously impaired. The recognition of a cause of action in favor of the parent for loss of a child's society and companionship merely attempts to compensate the parent, however inadequately, for such a loss.

While no Michigan case has directly considered a parents' cause of action for loss of society and companionship, several other states have recognized such a cause of action. See Anno: Parent's Loss of Child's Society and Companionship as Element of Damage for Injury to Child, 69 ALR3d 553. At least three states have provided for such a claim by statutory enactment. Idaho Code, § 5-310; Washington Rev Code, § 4.24.010; Iowa Rules of Civil Procedure, 8.

In *Shockley v Prier,* 66 Wis 2d 394; 225 NW2d 495 (1975), the Wisconsin court expressly overruled prior authority and held that a parent may maintain an action for loss of aid, comfort, society and companionship of an injured minor child, so long as the parents' cause of action is combined with that of the child for the child's personal injuries. The court decided to recognize such a cause of action due to a changed economic climate and altered perceptions of the parent-child relationship which once limited the parents' remedy to a loss of the minor's earning capacity during minority. According to the Wisconsin court, society and companionship between parents and their children is closer to our present-day family ideal and, therefore, parents should be compensated for the shattering effects negligently inflicted injuries to the child will have on the parent-child relationship.

However, still other jurisdictions have refused to

recognize a cause of action in the parent for loss of society and companionship of an injured child. See 69 ALR3d 553, § 3, pp 555-559. Most notable among these jurisdictions is California. *Baxter v Superior Court of Los Angeles Co,* 19 Cal 3d 461; 138 Cal Rptr 315; 563 P2d 871 (1977). In *Baxter,* the court stated that for policy reasons, in particular the intangible nature of the injury and the danger of multiplication of claims and liability, it was declining to enlarge a parent's cause of action to permit recovery for the loss of affection and society. California law does, however, permit a parent to recover for intentional interference with the parent-child relationship. See *Rosefield v Rosefield,* 221 Cal App 2d 431; 34 Cal Rptr 479 (1963). Thus, the other jurisdictions are split on recognizing a parent's cause of action for loss of society and companionship of an injured child, with the jurisdictions recognizing such a claim apparently in the minority.

In this case, we believe that Michigan law sufficiently favors the parent-child relationship to permit a parent to recover for lost society and companionship of a negligently injured child. In modern society, children are no longer viewed as financial assets, but their companionship and society are cherished. We recognize that there are fundamental differences between the dependency of a child on a parent and the dependency of a parent on a child, but do not believe that such differences should preclude recovery by a parent for the loss of society and companionship of a child injured by the negligent acts of another. Unlike the defendant, we do not believe that the recognition of such a cause of action will unnecessarily proliferate litigation or place an unfair financial burden on society. Further, whether a similar cause of

action should be recognized in favor of brother, sister, and other relatives is not before us and thus the resolution of that issue must await future cases involving real controversies.

In summary, we hold that under Michigan law a parent can maintain a cause of action for loss of aid, comfort, society and companionship of their minor child against a negligent tortfeasor. In addition, like the Wisconsin court, we believe that, to be fair to the defendant, the parent's cause of action should be combined with that of the child for the child's personal injuries. Therefore, in this case, the trial court erred in dismissing plaintiff Veda Sizemore's cause of action against the defendants for loss of society and companionship of her negligently injured child.

Finally, we agree with defendants' contention that plaintiff Veda Sizemore's exclusive recovery for her daughter's medical expenses is under the no-fault insurance act, MCL 500.3107; MSA 24.13107. The no-fault act permits a parent to recover for the necessity of attending to an injured child. See *Van Marter v American Fidelity Fire Ins Co,* 114 Mich App 171, 178-181; 318 NW2d 679 (1982). Therefore, plaintiff must collect for the necessity of attending to her injured child's physical needs through the no-fault insurance system and a separate action does not exist against the defendant.

In conclusion, having found that plaintiff can assert a cause of action in Michigan for the loss of society and companionship of a negligently injured child, we accordingly reverse the judgment of the trial court and remand this case for reinstatement of Veda Sizemore's claim and further proceedings.

Reversed and remanded.