Kathy A. GILLISPIE, as Personal Representative of the Estate of Gregory A. Gillispie, Jr.; and Kathy A. Gillispie and Gregory A. Gillispie, Sr., individually, Petitioners,

v.

BETA CONSTRUCTION CO., David Dunn; and State of Alaska, Department of Transportation and Public Facilities, Respondents.

No. S–4952.

Supreme Court of Alaska.

Dec. 11, 1992.

Richard E. Vollertsen, Atkinson, Conway & Gagnon, Anchorage, for petitioners.

Peter J. Maassen, Michael W. Seville, Burr, Pease & Kurtz, Anchorage, for respondents.

Before RABINOWITZ, Chief Justice, and BURKE, MATTHEWS, COMPTON and MOORE, Justices.

## OPINION

BURKE, Justice.

In this petition for review, we address the question of whether a parent is entitled to assert an individual claim for loss of society resulting from the death of his or her child. Gregory Gillispie, Jr. was struck and killed by a construction van driven by David Dunn, an employee of Beta Construction. The estate of Gregory Gillispie, filed a wrongful death action against Dunn, Beta, and the State of Alaska. Kathy Gillispie and Greg Gillispie, Sr., Greg's parents, both asserted loss of society claims arising out of the death of their fourteen year old son. On cross motions for summary judgment, the superior court granted Beta's motion and dismissed the Gillispies' loss of society claims. We reverse.

■ Alaska's wrongful death statute, AS 09.55.580 (Supp.1991), creates a dichotomy between actions in which the decedent left dependents and actions in which the decedent did not. As we have explained,

[I]f the decedent is survived by a spouse, child or dependent, the action is brought on behalf of the statutory beneficiary and damages are measured by the loss to the survivors.[1] The personal representa-

---

1. We held in *Kulawik v. ERA Jet Alaska,* 820 P.2d 627 (Alaska 1991) that damages may also be measured by the additional loss suffered by the decedent's estate which the statutory beneficiaries did not stand to inherit because of the provisions of the decedent's will.

tive is then a nominal party only and holds the recovery in trust. On the other hand, if the deceased is not survived by the beneficiaries named in the statute, the personal representative is the real party in interest in the wrongful death action. Damages are limited to the loss to the estate and are distributed as other personal property of the deceased.

*In re Estate of Pushruk,* 562 P.2d 329, 331 (Alaska 1977) (footnote added). When the decedent is not survived by dependents, the statute limits recovery to pecuniary loss. AS 09.55.580(a). The Gillispies, then, cannot claim loss of society under the wrongful death statute.

 The Gillispies, however, are not without recourse. Another statute, AS 09.-15.010, provides in part: "A parent may maintain an action as plaintiff for the injury or death of a child below the age of majority." We have not yet addressed whether AS 09.15.010 creates a separate, independent parental cause of action. We now hold that is does.

In addition to the plain language of the statute, we draw support for this proposition from early precedent. Alaska's first detailed civil code was enacted by Congress in 1900. 31 Stat. 321 (1900). Large portions of the code, including the predecessor to AS 09.15.010, were drawn verbatim from the Oregon civil code.[2] In *City of Fairbanks v. Schaible,* 375 P.2d 201, 208 (Alaska 1962), we stated "it is presumed that [the statutes were] adopted with the interpretation that had been placed upon [them] by the Oregon Supreme Court prior to 1900."

The Oregon Supreme Court considered the same question presented in this petition in *Putman v. Southern Pacific R.R. Co.,* 21 Or. 230, 27 P. 1033, 1034–35 (1891). The court construed Hill's Code § 34 (the parent of AS 09.15.010) as supplementary to Oregon's wrongful death statute. It held that § 34 created in the parent a "new and independent right of action" for the death of a child. *Putman,* 27 P. at 1034–35. *See also Craft v. Northern Pacific R.R. Co.,* 25 Or. 275, 35 P. 250 (1894). In the absence of any guidance from our legislature, we rely on our presumption that AS 09.15.-010 carried the *Putman* court's construction when it became law. We hold that AS 09.15.010 entitles a parent to sue for damages.[3]

Alaska Statute 09.15.010 had its roots in the common law rule that a minor's labor belonged to his or her parents; thus, an injury to the minor resulted in a loss to the parents. W. Page Keeton et al., *Prosser & Keeton on the Law of Torts* § 125, at 934 (5th ed. 1984). The Oregon predecessor to AS 09.15.010 recognized this rule and modified it so that a parent could recover the parent's loss caused by death as well as injury of the child. *Schleiger v. Northern Terminal Co.,* 43 Or. 4, 72 P. 324, 326–27 (1903). Although it is doubtless the case that the Oregon predecessor to AS 09.15.-010 was interpreted as pertaining to the pecuniary loss of the parent, *id.,* neither the Oregon nor Alaska statute is prescriptive as to the measure of damages. Just as loss of consortium in the spousal context has evolved from its master servant origins[4] to now recognize damages for the loss of care, comfort, companionship and solace inherent in the marital relationship, *Schreiner v. Fruit,* 519 P.2d 462, 465–66 (Alaska 1974), a parent's action for injury or death of a child can no longer justly be

---

**2.** The relevant Oregon statute in place at the time read:

> A father, or in the case of his death or desertion of his family, the mother, may maintain an action as plaintiff for the injury of a child, and a guardian for the injury or death of his ward.

Hill's Annotated Laws of Oregon, § 34. Congress adopted identical language when enacting the Alaska code. 31 Stat. 337 (1900).

**3.** Beta cites to *State Farm Mutual Insurance Co. v. Wainscott,* 439 F.Supp. 840, 842–43 (D.Alaska 1987), where the district court for the district of Alaska held that AS 09.15.010 was only procedural, and did not confer a new right of recovery in the parent. We choose not to follow the reasoning in *Wainscott* because it fails to examine pre–1900 Oregon case law. We disregard the dissent in *Wainscott v. Ossenkop,* 633 P.2d 237, 248 (Alaska 1981) (Connor, J., dissenting) for the same reason.

**4.** *See* Prosser & Keeton, *Torts* § 125 at 931.

limited to its master servant origins. Thus we conclude that a parent's right of action under AS 09.15.010 includes the right to recover loss of society damages.[5]

The result we reach today comports with our earlier case law. We have already held that a wife has the right to sue for loss of "care, comfort, companionship and solace" resulting from an injury to her husband, *Schreiner*, 519 P.2d at 466, and that a child is entitled to loss of consortium damages when his parent is tortiously injured. *Hibpshman v. Prudhoe Bay Supply, Inc.*, 734 P.2d 991 (Alaska 1987). To now hold that a parent is not entitled to recover loss of society for the death of his or her child would run counter to this line of precedent. Without question, the death of one's own child is the greatest loss a parent may suffer. It is far more than pecuniary; whatever monetary disadvantage a child's death may present to its parents pales in comparison to the immense mental anguish, grief and sense of loss that this event would inevitably cause. AS 09.15.-010 is the appropriate vehicle for recognizing this loss.

The trial court's summary judgment order is REVERSED, and this case is REMANDED for further proceedings in accordance with this opinion.

RABINOWITZ, Chief Justice, concurring.

I agree with the majority's conclusion that the Gillispies cannot claim loss of society damages for their child's death under Alaska's wrongful death statute, AS 09.55.-580 (Supp.1991). Although I further agree with the majority that the minor child's parents are not without recourse, I can not join the majority in its reliance upon AS 09.15.010 and its conclusion that this statute creates a separate, independent parental cause of action for loss of consortium arising out of the death of a child. Rather than attempting to resuscitate AS 09.15.-010, I conclude, as a matter of common law

interpretation, that the non-dependent parents of a minor decedent have a common law cause of action for loss of their child's society and that this action is not precluded, or preempted, by operation of our wrongful death statute.

This conclusion logically follows from the court's prior precedents. *Schreiner v. Fruit*, 519 P.2d 462, 466 (Alaska 1974), established that a wife has the right to sue for loss of "care, comfort, companionship, and solace of her spouse" resulting from an injury to her husband. *Schreiner* was followed by *Hibpshman v. Prudhoe Bay Supply, Inc.*, 734 P.2d 991, 994 (Alaska 1987) which held that a child had a cause of action for loss of parental consortium. In rejecting the contention that we should defer to the legislature rather than deciding this question we observed:

> Moreover, loss of consortium has been repeatedly recognized as a cause of action created by and developed by the courts. We have long recognized our responsibility to adapt the common law to the needs of society as justice requires where the legislature has not spoken.

*Id.* at 995 (footnote omitted).

Given our recognized obligation to develop the common law, and the fact that loss of consortium is a cause of action which has been created and developed by the courts, I fail to perceive any persuasive reason why a non-dependent parent's right to a claim for loss of consortium for the death of his or her child should not be recognized. As the Ninth Circuit noted:

> [F]ollowing Alaska law and based on the reasoning of the *Hibpshman* case, the district court could reasonably have concluded that a parent's claim for damage to the parent-child relationship is not sufficiently distinguishable from spousal or children's consortium claims to warrant nonrecognition.

---

**5.** We note that there are a number of recent cases in which parental consortium claims resulting from the serious injury or death of a child have been recognized. *Howard Frank, M.D., P.C. v. Superior Court,* 150 Ariz. 228, 722

P.2d 955 (1986); *Sizemore v. Smock,* 155 Mich. App. 745, 400 N.W.2d 706 (1986); *Norvell v. Cuyahoga County Hosp.,* 11 Ohio App.3d 70, 463 N.E.2d 111 (1983). *Shockley v. Prier,* 66 Wis.2d 394, 225 N.W.2d 495 (1975).

*Scott v. United States,* 884 F.2d 1280, 1282 (9th Cir.1989); *see also Yako v. United States,* 891 F.2d 738, 747 (9th Cir.1989).

Furthermore, I would hold that our wrongful death statute, AS 09.55.580 (Supp.1991) does not preclude recognition of the existence of an independent claim by a non-dependent parent for loss of consortium arising from the death of his or her minor child. On this point *Haakanson v. Wakefield Seafoods, Inc.,* 600 P.2d 1087, 1092 n. 11 (Alaska 1979) is of particular relevance. There we said:

"We do not find the statute [Alaska's wrongful death statute] to be in derogation of the common law of Alaska because, if there were no statute, we would in all probability follow the lead of the United States Supreme Court in *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), in which it established a maritime wrongful death action...." [1]

In the case at bar I would explicitly hold that non-dependent parents have an independent cause of action for loss of consortium based on the death of their minor child.

**1.** *See also Hanebuth v. Bell Helicopter International,* 694 P.2d 143, 145 (Alaska 1984) (rejecting the proposition that wrongful death statutes should be construed narrowly because they are in derogation of the common law).