AIG AVIATION, INC., Plaintiff–
Appellee,

v.

THE ESTATE OF John ADSUNA,
Defendant–Appellant.

No. 00–35623.

D.C. No. CV–98–00014–JWS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 2001.

Decided Aug. 24, 2001.

Before SCHROEDER, Chief Judge,
T.G. NELSON, and SILVERMAN,
Circuit Judges.

## MEMORANDUM *

This is a declaratory action by an insurance policy administrator to determine whether a parent's claim for loss of society of a minor child is subject to the insurance policy's per passenger limit. The district court, applying Alaska law, held that the per passenger limit applies to the parent's claim, and we affirm.

The insurer's liability was limited as follows:

The total liability of the Company for all damages, including damages for care and loss of services, because of bodily injury or property damage sustained by one or more persons or organizations as the result of any one occurrence shall not exceed the limit of liability stated in the Declarations as applicable to "each occurrence".

And further provided that if the Declarations are completed to show "passenger Liability limited internally to", the total liability of the company for all damages, including damages for care and loss of service because of bodily injury to passengers shall not exceed:

(a) as respect any one passenger, the amount stated in the Declarations as applicable to "each person".

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(b) as respect two or more passengers, subject to the above provisions respecting any one passenger, the amount stated in the Declarations as applicable to "each person" multiplied by the number of passenger seats as stated in item 4 for the aircraft involved, but in no event shall the Company's Liability for all bodily injury (including passenger bodily injury) and property damage exceed the limits stated in the Declarations as applicable to "each occurrence".

The declaration page provided for an "each occurrence" limit of $5,000,000 and limited passenger liability internally to $300,000 per passenger.

The policy language clearly includes claims for loss of society and services within the $300,000 cap on all damages caused by bodily injury to a passenger.

The appellant nevertheless contends that there is a difference between claims for loss of services and consortium as described in the policy and claims for loss of society of a child. Adsuna argues that, because the policy only refers specifically to "damages for care and loss of services," the per passenger limit does not apply to his claims for loss of society of a minor child, which in Alaska is a cause of action arising under a different statute than the one that allows spouses and dependents to recover for loss of consortium. See *Gillespie v. Beta Constr. Co.*, 842 P.2d 1272 (Alaska 1992) (holding that parent could not recover loss of society damages for death of child under Alaska's wrongful death statute, Alaska Stat. § 09.55.580, but could recover under statute providing for suits by parents of deceased minor children, Alaska Stat. § 09.15.010). This argument is unpersuasive, given that the policy language refers to "all damages, including damages for care and loss of services" caused by the accident. Damages for care and loss of service are examples of "all damages," not definitive of the

scope of "all damages." In addition, the distinction between loss of consortium of a spouse or parent and loss of society of a child seems to be an accident of Alaska statutory language, rather than the kind of substantive distinction that Adsuna urges. *Gillespie*, 842 P.2d at 1274 (allowing recovery by parents for loss of child's society because Alaska law also recognized the loss of consortium claims of children and spouses; reasoning that to allow some relatives to recover and others not, for the same type of damages, would be inconsistent and inappropriate).

■ Adsuna also contends that the policy is ambiguous and should be interpreted in light of the reasonable expectations of the parties. See *C.P. v. Allstate Ins. Co.*, 996 P.2d 1216, 1222–23 (Alaska 2000) (holding that Alaska applies the doctrine of reasonable expectations when interpreting insurance policies). While Alaska courts do interpret insurance policies to give effect to the reasonable expectations of the parties, where an insurance company limits its liability by clear language, they recognize and enforce that limitation. *Id.* at 1222. The policy language at issue here clearly limits National Union's liability for all damages caused by bodily injury to a passenger to $300,000 for each injured passenger.

Shortly before argument, appellant's counsel submitted a supplemental citation to *State Farm Mut. Auto. Ins. Co. v. Lawrence*, 26 P.3d 1074 (Alaska 2001). That case is distinguishable because of the nature of the plaintiffs' claim and the policy language involved. The Lawrences, parents of the victim of an automobile accident, sued their own insurance company under their uninsured motorist coverage to recover punitive damages and benefits for negligent infliction of emotional distress. *Id.* at 1076. The insurer argued that their damages were subject to the same per

person limit as their child's damages. *Id.* However, the policy language limited coverage to a per-person cap for "all damages due to bodily injury to one person." *Id.* at 1077. The court reasoned that, since the Lawrences' suffered bodily injury in the form of emotional distress, they were each persons injured by the accident entitled to their own per-person limit. *Id.* at 1078–79. The National Union policy at issue here does not allow such an interpretation, as it limits liability for all damages resulting from injury to a "passenger," rather than simply to a "person."

AFFIRMED.