NORTH SLOPE BOROUGH, Appellant,

v.

Isabel BROWER, Individually and as Personal Representative of Alfred Brower, Deceased, Appellee.

No. S–12956.

Supreme Court of Alaska.

Aug. 28, 2009.

---

**29.** *Id.* at 1168.

Timothy M. Lynch, Lynch & Blum, PC, Anchorage, and Linda B. Clapham, Gordon & Rees, LLP, Seattle, Washington, for Appellant.

David Henderson, Law Offices of David Henderson, Bethel, for Appellee.

Before: FABE, Chief Justice, EASTAUGH, CARPENETI, and WINFREE, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

After Alfred Brower died in a snow machine accident, his mother, Isabel Brower, sued the North Slope Borough under the survival of claims statute, AS 09.55.570, and the wrongful death statute, AS 09.55.580. A jury found that Isabel was dependent on Alfred, entitling her to damages as a statutory beneficiary under the wrongful death statute. Among other things, the jury awarded Isabel compensation for Alfred's pre-death pain and suffering and his lost future earnings. The borough appeals on various damages issues. It argues primarily that the trial court erroneously allowed Isabel to recover damages both as the wrongful death statute statutory beneficiary and as the personal representative of Alfred's estate. It also argues both that Isabel did not sufficiently prove that she was dependent on Alfred's earnings and that even if she were entitled to his future earnings, they should be measured by Isabel's life expectancy, not Alfred's. Finally, it argues that the trial court abused its discretion by refusing to

grant a new trial or remittitur of the damage award based on Isabel's maximum possible recovery. We affirm, because *Kulawik v. ERA Jet Alaska*[1] controls most of these issues.

## II. FACTS AND PROCEEDINGS

Alfred Brower died in late May 2005, when his snow machine went into a hole in the ice near Barrow. The hole had been dug by the North Slope Borough Department of Public Works. Alfred was then eighteen years old, was unmarried, and had been living in Barrow with his widowed mother, Isabel Brower. He was unemployed, but hunted and fished for Native subsistence foods that he shared with his mother. He also helped his mother around the house by cooking, cleaning, and doing maintenance work. He had no will.

After Alfred's death, Isabel opened an estate on his behalf and sued the North Slope Borough. She sought damages both as the personal representative of the estate and on her own behalf as an "other dependent" under the wrongful death statute, AS 09.55.580(a).[2] She alleged that the borough's negligence caused Alfred's death and pre-death pain and suffering, and sought "all categories of loss allowed" under the wrongful death statute, AS 09.55.580, and under the survival of claims statute, AS 09.55.570.[3] The case was tried to a jury in August 2007.

---

1. *Kulawik v. ERA Jet Alaska,* 820 P.2d 627, 635 (Alaska 1991).

2. The wrongful death statute, AS 09.55.580, states in pertinent part:

   (a) [W]hen the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter.... [T]he damages therein shall be the damages the court or jury may consider fair and just. The amount recovered, if any, shall be exclusively for the benefit of the decedent's spouse and children ... or other dependents. When the decedent is survived by no spouse or children or other dependents, the amount recovered shall be administered as other personal property of the decedent but shall be limited to pecuniary loss.... 
   (b) The damages recoverable under this section shall be limited to those which are the natural and proximate consequence of the negligent or wrongful act or omission of another.
   (c) In fixing the amount of damages to be awarded under this section, the court or jury

shall consider all the facts and circumstances and from them fix the award at a sum which will fairly compensate for the injury resulting from the death. In determining the amount of the award, the court or jury shall consider but is not limited to the following:
   (1) deprivation of the expectation of pecuniary benefits to the beneficiary or beneficiaries, without regard to age thereof, that would have resulted from the continued life of the deceased and without regard to probable accumulations or what the deceased may have saved during the lifetime of the deceased;
   (2) loss of contributions for support;
   (3) loss of assistance or services irrespective of age or relationship of decedent to the beneficiary or beneficiaries;
   (4) loss of consortium....

3. The survival of claims statute, AS 09.55.570, states in pertinent part:

   All causes of action by one person against another ... survive to the personal representatives of the former and against the personal

At trial Isabel called a forensic economist who testified about the economic impact Alfred's death had on Isabel and on Alfred's estate. He testified that Isabel's life expectancy at the time of her son's death was about twenty-five and a half more years (assuming she would live to age eighty-two) and that Alfred would have had a life expectancy of fifty-four and a half more years (assuming he would have lived to age seventy-three). The economist calculated the value of the earnings Alfred would have made as a heavy truck driver, as well as the present value of the loss of his household services and subsistence support.[4] He testified that the present value of Alfred's lost future earnings was $877,700, and that the present value of his subsistence support (hunting and fishing) and non-market services (household support) was $565,400. Adding those two figures, he testified that the total present value of the future economic losses caused by Alfred's death was $1,443,100.

The jury returned a verdict finding that the borough was liable for Alfred's death. The jury also found that Isabel was dependent on Alfred at the time of his death, entitling her to damages as a statutory beneficiary under the wrongful death statute. The jury awarded Isabel damages in the following categories:

(a) Past *Non–Economic* Loss to *Alfred Brower* (pre-death pain and suffering of Alfred Brower):

$400,000.00

(b) Past *Non–Economic* Loss to *Isabel Brower* (including loss of consortium, affection and companionship and pain and suffering of Isabel Brower):

$250,000.00

(c) Past *Economic* Loss of Isabel Brower (loss of support and assistance and loss of past earnings of Alfred Brower):

$ 62,250.00

(d) Future *Non–Economic* Loss to Isabel Brower (loss of consortium, affection and companionship, pain and suffering):

$200,000.00

(e) Future *Economic* Loss of Isabel Brower (loss of support and assistance and loss of future earnings of Alfred Brower) (reduced to present value):

$844,115.00

(Emphasis in original.) The trial court reduced the jury's non-economic damage awards per the parties' agreement about the application of the AS 09.17.010 statutory cap on damages and awarded Isabel prejudgment interest, costs, and attorney's fees. The resulting final judgment was $1,564,071.40.

The borough moved for a new trial or a remittitur. The trial court denied the motion.

The borough appeals.

### III. STANDARD OF REVIEW

This case primarily raises questions of law and statutory interpretation, to which we apply our independent judgment.[5] We review for abuse of discretion a trial court's denial of a new trial or remittitur, reversing only when we are " 'left with a firm conviction on the whole record that the trial judge made a mistake in refusing to order a remittitur or grant a new trial' and where intervention on our part is necessary to prevent a miscarriage of justice." [6]

### IV. DISCUSSION

#### A. Whether It Was Error To Allow Isabel To Recover Damages for Alfred's Pre–Death Pain and Suffering and for His Future Earnings

The borough argues that awarding damages for Alfred's pre-death pain and suffering and for his future earnings impermissibly allowed Isabel to recover as both a personal representative of Alfred's estate and as a statutory beneficiary under the wrongful death statute. It argues that the wrongful

representatives of the latter.... The personal representatives may maintain an action thereon against the party against whom the cause of action accrued, or, after the party's death, against the personal representatives of the party.

4. Isabel had previously called a vocational rehabilitation expert who testified that Alfred would probably have become a heavy truck driver.

5. *Zaverl v. Hanley,* 64 P.3d 809, 822 n. 39 (Alaska 2003).

6. *Alyeska Pipeline Serv. Co. v. Anderson,* 629 P.2d 512, 528 (Alaska 1981) (quoting *Sturm, Ruger & Co. v. Day,* 594 P.2d 38, 48 (Alaska 1979), *reh'g granted,* 615 P.2d 621 (Alaska 1980)).

death statute, AS 09.55.580, prevents an estate from recovering when there are statutory beneficiaries and creates a "mutually exclusive dichotomy" between recovery as a statutory beneficiary and recovery on behalf of the estate.

The trial court rejected the borough's position, reasoning that the wrongful death statute reflects "[t]he legislative policy that a dependent be eligible for full pecuniary damages that an estate would have recovered" and that "when at least one statutory beneficiary is found to exist, the beneficiary must be able to recover all pecuniary damages to an estate." [7]

### 1. Pre-death pain and suffering damages

■ The borough argues that Isabel, in her capacity as the representative of Alfred's estate, should not have recovered damages for Alfred's pre-death pain and suffering because "Alaska does not allow an Estate to recover where there are statutory beneficiaries." It bases this argument on language in the wrongful death statute, which states that the amount recovered under the statute "shall be exclusively for the benefit of the decedent's spouse and children . . . or other dependents." [8] But the pre-death pain and suffering damages were not recovered under the wrongful death statute, AS 09.55.580; they were recovered under the survival statute, AS 09.55.570. The borough's argument as to this award is therefore without merit. Isabel was both a wrongful death action "other dependent" and the representative of Alfred's estate. In her latter capacity she was entitled to recover the award for Alfred's

pre-death damages.[9] Nothing in the wrongful death statute prevents a person who is a statutory beneficiary under that statute and who recovers wrongful death damages under that statute from also being a personal representative of the decedent's estate or prevents the personal representative from recovering for the decedent's pre-death pain and suffering under the survival statute.

### 2. Lost future earnings

■ The borough also argues that the wrongful death statute's "exclusively" language in AS 09.55.580(a) barred Isabel's recovery of Alfred's future earnings.[10] As the borough points out, we have interpreted that language as creating a dichotomy between recovery by the estate and recovery by the beneficiaries, so that an estate cannot recover damages when there are statutory beneficiaries.[11] But we have never held that a beneficiary cannot recover damages otherwise recoverable by the estate.

We held to the contrary in *Kulawik v. ERA Jet Alaska*.[12] In that case we allowed two child statutory beneficiaries to recover the entire amount of their deceased father's probable accumulations even though his will left them only half of his estate.[13] The estate's representative asked us to "abolish the dichotomy" between beneficiary and estate recovery so the statutory beneficiaries could recover half of the probable accumulations and the estate could recover the other half.[14] We rejected that request, stating that it contradicted the wrongful death statute's requirement that recovery be exclusively for

---

7. Superior Court Judge Michael I. Jeffery's order denying the borough's motion for a new trial or remittitur is attached as Appendix A.

8. AS 09.55.580(a).

9. AS 09.55.570.

10. AS 09.55.580(a) (stating that money recovered under statute "shall be exclusively for the benefit of the decedent's spouse and children . . . or other dependents").

11. *See, e.g., Gillispie v. Beta Constr. Co.*, 842 P.2d 1272, 1272 (Alaska 1992) ("Alaska's wrong-

ful death statute . . . creates a dichotomy between actions in which the decedent left dependents and actions in which the decedent did not."); *Horsford v. Estate of Horsford*, 561 P.2d 722, 727 (Alaska 1977) ("Our Wrongful Death Act explicitly provides for only one instance, namely, when there are no statutory beneficiaries, where the damages recovered are to be administered as part of the decedent's estate.").

12. *Kulawik v. ERA Jet Alaska*, 820 P.2d 627, 635, 637–38 (Alaska 1991).

13. *Id.* at 636–38.

14. *Id.* at 635.

the benefit of the decedent's dependents.[15] We then awarded the remaining half of the decedent's probable accumulations to the two statutory beneficiaries.[16]

The borough argues that *Kulawik* is distinguishable from the present case because the beneficiaries in *Kulawik* were children.[17] But the wrongful death statute does not distinguish between the damages available to a decedent's "spouse, children ... or other dependents,"[18] and the borough cites no case that supports treating them differently. The reasoning discussed in *Kulawik* applies equally here, despite this factual difference. We stated in *Kulawik* that "the wrongful death act should be construed to afford a similar remedy" as common law tort actions.[19] A statutory beneficiary's recovery is not limited to her actual losses, but is limited only to the extent it would be at common law.[20] As we said of the decedent in *Kulawik*, if Alfred "had merely been disabled rather than killed, he would have been able to recover as a matter of tort law all the future earnings which he lost as a result of his injuries."[21] In both cases the same reasoning applies: "the legislature did not intend to make it cheaper to kill than to injure."[22]

We also stated in *Kulawik* that the wrongful death statute reflected the legislature's policy decision that any "windfall" should go to the beneficiary, not the tortfeasor.[23] In *Kulawik* the two beneficiaries received this "windfall" because they recovered in the wrongful death action the full value of their father's probable accumulations, but would have received only half of his accumulations had they inherited through his will.[24] Isabel arguably received an equivalent windfall here because she recovered in the wrongful death action more of Alfred's earnings than she likely would have received had Alfred survived, in which case she would have received support from him only during her lifetime and not during the nineteen years he was expected to outlive her. To deny recovery in such cases would give a windfall to the tortfeasor: if the beneficiary or beneficiaries did not recover the additional money, it would not be recoverable at all and the tortfeasor would be saved from paying a significant amount in damages.[25] As we noted in *Kulawik*:

> Under a model statute, one would expect to see the additional loss suffered by a decedent's estate paid to the estate so that the decedent's creditors and heirs or devisees may be compensated for what they have lost.
>
> However, our statute is not a model act. It explicitly directs that the recovery be distributed to the statutory beneficiaries where they exist.[26]

Because *Kulawik* controls here, we hold that the trial court permissibly allowed Isabel to recover damages for Alfred's future earnings.

**B. Whether It Was Error To Permit Isabel To Recover for Loss of Alfred's Future Earnings, Despite the Alleged Lack of Evidence of Her Dependence on His Earnings**

The borough argues that Isabel presented no evidence to show she was dependent on

---

**15.** *Id.*

**16.** *Id.* at 638.

**17.** *Id.* at 628.

**18.** AS 09.55.580(a).

**19.** *Kulawik*, 820 P.2d at 637.

**20.** *Id.*

**21.** *Id.*

**22.** *Id.* at 637 n. 19.

**23.** *Id.* at 638 n. 21. The "windfall" in *Kulawik* was that portion of the decedent's probable accu-

mulations the two children would not have inherited under the terms of the decedent's last will. *Id.*

**24.** *Id.* at 636, 638 n. 21.

**25.** In that event, the defendant in *Kulawik* would have avoided paying $63,012 in damages found by the jury. *Id.* at 636. The borough argues here that it should not have been required to pay $278,715 of the damages found by the jury. This amount is the difference between the total award for future economic loss ($844,115) and the value of Alfred's future non-market services and subsistence support ($565,400).

**26.** *Kulawik*, 820 P.2d at 638 n. 21 (internal citations omitted).

Alfred's earnings and that the trial court therefore erred by instructing the jury that it could award his lost future earnings to Isabel as a beneficiary. The trial court did not explicitly rule on this issue when the borough raised it below.

█ The borough concedes on appeal that Isabel's dependence on Alfred's subsistence and non-market support was sufficient to justify the jury's finding that she was an "other dependent" under the wrongful death statute, but contends that it was not sufficient to justify awarding her Alfred's lost future earnings. The borough argues that Isabel was required to prove specifically that she was dependent on those earnings at the time of Alfred's death because a statutory beneficiary's recovery must be measured by the loss to the beneficiary.

*Kulawik* renders this argument unsustainable. There we held that damages recovered by a statutory beneficiary need not be measured by the loss to that beneficiary.[27] We rejected the argument that statutory beneficiaries are "entitled to only their 'actual losses,'" noting that "[n]o language in the statute . . . so limits the recovery."[28] We stated that "[s]ignificantly, the [wrongful death] act focuses not merely on the individual losses to each beneficiary, but more generally on the entire 'injury resulting from the death.'"[29] And we stated that limiting damages only to what the statutory beneficiaries could prove they would have inherited "is contrary to the language of the act, which limits damages only by the common law tort concept of proximate cause, and requires that damages be fairly compensatory for the injury resulting from the death, without specifying that the injury must be suffered by a statutory dependent."[30] We held that the beneficiaries should be allowed to recover the entire value of their father's future estate even though they could only prove that they would have inherited half of that estate.[31]

*Kulawik* controls. Once the jury found Isabel to be an "other dependent," she was not required to prove dependence on Alfred's future earnings. The trial court did not err by allowing the jury to award loss of Alfred's future earnings, despite the alleged lack of evidence that Isabel depended on those earnings at the time of Alfred's death.

### C. Whether It Was Error To Instruct the Jury To Use Alfred's Life Expectancy To Calculate Future Economic Damages

The borough argues that "[l]ogic and common sense" dictate that the beneficiary's life expectancy be used to calculate future economic damages if the beneficiary's life expectancy is shorter than the decedent's would have been. This argument rests largely on the borough's related argument that damages must be measured by the loss to the beneficiary.

As we discussed in Part IV.B above, wrongful death damages are not limited to the beneficiary's loss. We therefore hold that the trial court did not err in allowing the statutory beneficiary's future economic damages to be measured by Alfred's life expectancy.

### D. Whether It Was Error Not To Require the Jury To Determine Damages to the Estate Separately from Damages to the Beneficiary

█ The borough argues that even if Isabel's recovery was permissible, the trial court erred by not instructing the jury to calculate the estate's damages separately from the beneficiary's damages. The borough argues that without this division it is impossible to determine how much money is available to pay the estate's creditors or how much money remains for the decedent's heirs.

The borough does not establish that any possible error was harmful. The borough does not dispute the evidence that Isabel was the only heir and that the estate had no creditors. According to the borough's argument, it is primarily the estate's creditors and other heirs who would be harmed by not calculating the estate's damages separately

27. *Id.* at 638.

28. *Id.* at 636.

29. *Id.* at 637.

30. *Id.*

31. *Id.* at 635, 637–38.

from the beneficiary's.[32] If there are no creditors or other heirs, there can be no harm. We therefore decline to determine whether the trial court erred by allowing the jury to calculate damages to the estate together with the damages to the beneficiary.[33]

### E. Whether It Was Error To Deny a Remittitur Based on Isabel's Maximum Possible Recovery

■ The borough argues that the trial court abused its discretion by failing to grant a remittitur, which the borough sought as an alternative to a new trial. We reverse a trial court's denial of a remittitur only when "'left with a firm conviction on the whole record that the trial judge made a mistake in refusing to order a remittitur or grant a new trial' and where intervention on our part is necessary to prevent a miscarriage of justice."[34] Remittitur is appropriate when a jury "without acting under the type of passion or prejudice that would warrant a new trial, nonetheless awards an amount that is unreasonable given the evidence."[35] Because the borough has not convinced us that the amount was unreasonable in light of the evidence, it was not error to deny a remittitur.

## V. CONCLUSION

We therefore AFFIRM the trial court's denial of the borough's motion for a new trial or remittitur.

MATTHEWS, Justice, not participating.

### APPENDIX A

### ORDER DENYING MOTION FOR NEW TRIAL OR REMITTITUR

The parties presented this case to a jury in August 2007, resulting in a verdict in favor of Isabel Brower. She was awarded both non-economic damages and past and future economic damages based on the probable accumulations over the lifetime of her son, the decedent, rather than being limited to future economic damages that would occur during her own normal lifespan. The North Slope Borough argues that verdict improperly included the decedent's probable future accumulations and that the damages covered the decedent's entire lifespan. Since the Court's rulings implemented the legislative policy in the wrongful death act as to recovery by a statutory beneficiary, the Borough's motion for a new trial or remittitur is denied.

**Factual Background.** The Court issued its Order Granting In Part Defendant's Motion to Limit Testimony of Plaintiff's Economic Expert ("Order") on June 27, 2007. The decision agreed with the Borough's argument that Ms. Brower's economic expert Hugh Richards' report improperly combined into a lump sum the damages of the estate and damages of Ms. Brower. The Court required that Richards separately state "damages suffered by the estate and damages suffered by Ms. Brower if she is found to be an 'other dependent' of her son"[1] so that the jury could see clearly the alternative damage amounts depending on its finding as to Isabel Brower's being a statutory beneficiary.

For reasons discussed at length in the Order and based on the legislative policy expressed in Alaska Statutes 09.55.580, the court rejected the Borough's arguments about various limitations on Ms. Brower's potential recovery. The Order stated that

---

32. The borough also argues that because the damages were not calculated separately, it is impossible to determine whether the lost earnings damages were based on Isabel's life expectancy or on Alfred's life expectancy. But as we held above in Part IV.C, it was not error for the trial court to base the lost earnings damages on Alfred's life expectancy.

33. *See Tommy's Elbow Room, Inc. v. Kavorkian,* 727 P.2d 1038, 1047 (Alaska 1986) (holding that omitted language in jury instructions was harmless when "[p]ractically speaking, the omissions probably made little difference").

34. *Alyeska Pipeline Serv. Co. v. Anderson,* 629 P.2d 512, 528 (Alaska 1981) (quoting *Sturm, Ruger & Co. v. Day,* 594 P.2d 38, 48 (Alaska 1979), *reh'g granted,* 615 P.2d 621 (Alaska 1980)).

35. *City of Fairbanks v. Rice,* 20 P.3d 1097, 1107 (Alaska 2000).

1. Order Granting In Part Defendant's Motion to Limit Testimony of Plaintiff's Economic Expert, June 27, 2007 at 12.

The legislative policy that a dependent be eligible for full pecuniary damages that an estate would have recovered must be enforced. Therefore, the report and expert testimony may calculate Ms. Brower's pecuniary damages, if she is found to be a dependent of her son, based on the full life span of Alfred Brower. On the other hand, Ms. Brower's age in relation to her son is a valid factor in calculating the remaining categories of damages available to her if she is found to be dependent.[2]

The Borough did not file a motion for reconsideration and the case proceeded to trial.

Plaintiff's economic expert Hugh Richards offered testimony that the jury should find that the Past Economic Loss of Isabel Brower (loss of support and assistance and loss of past earnings of Alfred Brower) is the sum of $75,100 for her loss of past support and $4,200 for her loss of past net income from Alfred Brower for a total of $79,300. He also presented figures showing that the net present value of the future economic loss to Isabel Brower, assuming Alfred Brower became employed with the North Slope Borough, would be the sum of the value of his household help ($279,300) and subsistence activities ($422,700) (a total of $702,000—present value $565,400) as well as Alfred Brower's future earnings ($1,607,300—present value $877,700) for a total present value for future economic damages of $1,443,100.[3]

On August 11, 2007, the jury returned its Special Verdict, finding that the Borough was negligent and that the Borough's negligence was a legal cause of the death of Isabel Brower's son Alfred Brower. The jury also found that he made significant contributions to supporting his mother for which she was actually dependent at the time of her son's death and that these contributions would have continued if the deceased had lived.[4] The jury found that Alfred Brower was also

negligent, but that this negligence was not a legal cause of his death.[5]

The Special Verdict form included two sections depending on whether Isabel Brower is a "statutory beneficiary." If the answer to the question had been "No," the jury would have filled out question 6 of the Special Verdict asking for the following categories of damages to the Estate of Alfred Brower:

(a) Past *Non–Economic* Loss (pre-death pain and suffering of Alfred Brower);

(b) Past *Economic* Loss;

(c) Future *Economic* Loss (reduced to present value).[6]

This question remained blank.

Based on its answer of "Yes" that Isabel Brower is a "statutory beneficiary" of her son Alfred, the jury answered the categories in Question 5 of the Special Verdict Form, with the following results:

(a) Past Non–Economic Loss to Alfred Brower (pre-death pain and suffering of Alfred Brower): **$400,000**

(b) Past Non–Economic Loss to Isabel Brower (including loss of consortium, affection, and companionship and pain and suffering): **$250,000**

(c) Past Economic Loss of Isabel Brower (loss of support and assistance and loss of past earnings of Alfred Brower): **$62,250**

(d) Future Non–Economic Loss of Isabel Brower (loss of consortium, affection and companionship, pain and suffering): **$200,000**

(e) Future Economic Loss of Isabel Brower (loss of support and assistance and loss of future earnings of Alfred Brower) (reduced to present value): **$844,115.**

TOTAL: **$1,756,365**[7]

This amount was approximately $1 million less than the request of plaintiff's counsel during closing argument, with the major reductions occurring in subsections (d) and (e).[8]

---

2. *Id.*

3. Media 2BAA–07–112, 9:05:12 AM—9:29:00 AM; 10:03:04—10:19:21 AM (Aug. 8, 2007).

4. Special Verdict Form, Aug. 11, 2007, at 1–3.

5. *Id.* at 6.

6. Special Verdict Form, Aug. 11, 2007, at 5.

7. *Id.* at 4–5.

8. The corresponding amounts requested by plaintiff's counsel in closing argument were:

(a) $ 400,000

As a result of post-trial briefing, the parties agreed that Alaska Statutes 09.17.010(a) required that a cap of $8,000 times 54.54 years (the life expectancy of Alfred Brower) apply to all non-economic damages. The calculation is $436,560.[9] Therefore the original total of non-economic damages is reduced to $436,560 for a new total of **$1,280,675.** Including the attorney fees and costs and prejudgment interest, the Final Judgment was **$1,564,071.70,** plus post judgment interest at 9.25%.[10]

**Discussion.** A new trial can be granted at the trial court's discretion "if required in the interests of justice."[11] Alaska Civil Rule 59(a) is modeled on the corresponding Federal Civil Rule 59(a) which was "intended to prevent the retrial of any issue already properly decided, and to limit any new trial to those issues which are incorrectly decided or not decided at all."[12]

Another tool provided to the trial court is remittitur, for situations in which the trial was basically fair but the verdict is excessive. If the judge, using independent judgment as to the weight of the evidence, finds the verdict excessive, a lower amount can be entered. To preserve as much as possible the conclusion reached by the jury, the standard to be utilized by the judge is "the 'maximum possible recovery' a reasonable jury could have awarded."[13] This decision is in the discretion of the trial court.[14] The Borough is not arguing that the trial was generally unfair; instead, the motion contends the trial

became unfair when the Court enforced its pretrial ruling concerning the potential damage claims that can be recovered by Isabel Brower as a statutory beneficiary.

**New Trial.** The Borough first contends that the trial was unfair because a recovery was allowed to both the estate and to Ms. Brower as a statutory beneficiary, since Ms. Brower was allowed to recover the probable accumulations of her son. This argument was made by the Borough pretrial and rejected by the Court.[15] The Court's June 27, 2007 Order discussed the case of *Kulawik v. ERA Jet Alaska*[16] at length. For reasons set forth in the Order, the Court holds that the *Kulawik* case represents an acknowledgment by the Alaska Supreme Court of a policy judgment by the Alaska Legislature that when at least one statutory beneficiary is found to exist, the beneficiary must be able to recover all pecuniary damages to an estate. Regardless of the extent of the recovery, it is based on the rights of the beneficiary, not the rights of the estate.

The Borough now contends that the later case of *Gillispie v. Beta Construction Co.* limits the holding in *Kulawik* because the Supreme Court held that the parents in that case could only recover the pecuniary loss to the estate of their children as personal representatives, unless they filed a separate cause of action pursuant to Alaska Statutes 09.55.580(a) for their own pain and suffering.[17] But the parents in *Gillispie* were not statutory beneficiaries of their children. The case has little relevance to Ms. Brower's case

(b) $   250,000
(c) $    79,300
(d) $   600,000
(e) $1,443,100
TOTAL: $2,772,400 Media 2BAA–07—115, 9:03:03 AM—9:08:50 AM (Aug. 10, 2007).

9. Defendant's Partial Opposition to Plaintiff's Motion for Attorney's Fees, Prejudgment Interest and Final Judgment, Aug. 25, 2007 at 1–2; Plaintiff's Reply to Defendant's Partial Opposition for Attorney Fees, Prejudgment Interest and Final Judgment, Aug. 29, 2007.

10. Final Judgment, Sept. 12, 2007.

11. Civil Rule 59(a); *Kulawik v. ERA Jet Alaska,* 820 P.2d 627, 639 (Alaska 1991).

12. *City of Fairbanks v. Nesbett,* 432 P.2d 607, 613 n. 15 (Alaska 1967) (quoting *Yates v. Dann,* 11 F.R.D. 386, 392–93 (D.Del.1951)).

13. *City of Fairbanks v. Rice,* 20 P.3d 1097, 1107 (Alaska 2000) (quoting *Exxon Corp. v. Alvey,* 690 P.2d 733, 742 (Alaska 1984)).

14. *Sturm, Ruger & Co. v. Day,* 594 P.2d 38, 48 (Alaska 1979), modified on reh. on other grds, 615 P.2d 621 (Alaska 1980) & 627 P.2d 204 (Alaska 1981).

15. Order Granting In Part Defendant's Motion to Limit Testimony of Plaintiff's Economic Expert, June 27, 2007 at 4–9.

16. 820 P.2d 627 (Alaska 1991).

17. 842 P.2d 1272, 1273–74 (Alaska 1992).

or to *Kulawik*. Moreover, the *Gillispie* court reaffirmed *Kulawik* for situations when the plaintiff is a statutory beneficiary by noting that *Kulawik* had held "that damages may also be measured by the additional loss suffered by the decedent's estate which the statutory beneficiaries did not stand to inherit because of the provisions of the decedent's will." [18]

If Ms. Brower had *not* been found to be statutory beneficiary of her son, she would still have been his sole heir under the intestate succession law since he had no wife or children.[19] She would have inherited all of the "pecuniary loss" of his estate which is the net accumulations over Alfred Brower's lifetime.[20] But this recovery is limited to the estate's "pecuniary loss" and would be subject to the claims of the creditors of the estate.

The jury's decision that she was a statutory beneficiary of her son drastically changed this situation. First, the recovery is personal to her and is not an estate asset subject to creditors' claims. She was allowed to recover her prospective inheritance from her son,[21] as well as the additional amount of Alfred Brower's probable accumulations over his lifetime as allowed by the Supreme Court in the *Kulawik* case: "[r]eview of our wrongful death statute convinces us that the legislature intended that statutory beneficiaries recover *all of* the deceased's probable accumulations." [22] As discussed in this Court's Order, state law also allows Isabel Brower to recover:

(2) loss of contributions for support;

(3) loss of assistance or services irrespective of age or relationship of decedent to the beneficiary or beneficiaries;

(4) loss of consortium;

(5) loss of prospective training and education;

(6) medical and funeral expenses.[23]

The jury was entitled to factor in Ms. Brower's age and statistical span of life in evaluating these additional categories of damages.[24]

These same considerations answer the Borough's argument that any recovery must be measured by the lifetime of Isabel Brower, not of her son Alfred Brower. As stated in *Kulawik*, the statutory beneficiary can recover all of the probable accumulations of the deceased.[25]

The Borough highlights the fact that there is a windfall to Isabel Brower of the difference between the recovery of the probable accumulations of her son during *her* life expectancy compared to the actual recovery which included the probable accumulations over the lifespan of *her son*. But if the recovery were limited to her lifespan, then the Borough (as tortfeasor) would have the windfall of only paying for the probable accumulations of Alfred Brower over a period less than his statistical lifespan because the statutory beneficiary happened to be his mother rather than someone his age or younger. Although other policy decisions could have been made, the Legislature has made a reasonable decision that the windfall should go to the beneficiary instead of the tortfeasor. The earlier decision of this Court, the Court's instructions at trial and the Special Verdict Form implement this legislative judgment.

If the Borough has an issue with the Legislature's policy decision expressed in the wrongful death statute as interpreted by the Alaska Supreme Court, the Borough must seek a legislative solution.

**Remittitur.** The Borough contends that there should be a remittitur to reduce the

---

18. *Id.* at 1272 n. 1.

19. AS 13.12.103(2).

20. *Osborne v. Russell*, 669 P.2d 550, 559–60 (Alaska 1983).

21. AS 09.55.580(b) & (c)(1); *Kulawik*, 820 P.2d at 633.

22. *Kulawik*, 820 P.2d at 636 (emphasis added).

23. AS 09.55.580(c); *see Kulawik*, 820 P.2d at 633 n. 14, 633.

24. *Tommy's Elbow Room v. Kavorkian*, 727 P.2d 1038, 1047 (Alaska 1986). *See* Order Granting In Part Defendant's Motion to Limit Testimony of Plaintiff's Economic Expert, June 27, 2007, at 9–11.

25. *Kulawik*, 820 P.2d at 636.

jury's award of $844,115 for "Future Economic Loss of Isabel Brower (loss of support and assistance and loss of future earnings of Alfred Brower) (reduced to present value)." The Borough points out that the plaintiff's economic expert identified a total of $701,995 for future subsistence support and for future household support from Alfred Brower and suggests that the award should be reduced to that amount. (The Borough apparently overlooked the fact that the expert later identified the present value of this category of damages as $565,400. By the Borough's logic, this portion of the judgment would have to be reduced to this present value amount[26]).

For reasons already discussed, this portion of the Special Verdict also required the jury to calculate the "loss of future earnings of Alfred Brower." The expert assigned a total value of $1,607,300 for these future earnings, with a present value of $877,700. The total present value for future household support, future subsistence support and future earnings proposed by the expert was $1,443,100.

The jury did not agree with these figures and reduced this proposed award to $844,115. As stated by the Supreme Court in *City of Bethel v. Peters,* a jury provides the insight of a reasonable person in evaluating damage claims.[27] The amount selected by the jury for this category of damages was about $600,000 less than evidence presented in the case could have allowed and is well within the jury's discretion. As noted above, the total verdict was about $1 million less than what the plaintiff's expert and plaintiff's counsel presented to them. The Borough's argument that the verdict is somehow inflated is without merit.

**Conclusion.** The Borough contends that the recovery in this case violates the rule that there must be a choice in a wrongful death case between a recovery by an estate and recovery by a statutory beneficiary and that the verdict was excessive. But the estate did not recover anything in this case. Instead, since the jury found that Isabel Brower was a statutory beneficiary, she re-

covered as her personal recovery as a statutory beneficiary all the probable accumulations of Alfred Brower over his span of life plus the additional recovery appropriate for a statutory beneficiary. The verdict is well within a reasonable jury's discretion. Since the Borough has failed in its burden of showing a legal error in the pretrial ruling and the jury's verdict, neither a new trial or a remittitur is appropriate in this case.

IT IS THEREFORE ORDERED that the North Slope Borough's Motion for New Trial or Remittitur is **DENIED.**

Effective Date: November 29, 2007

ENTERED AT Barrow, Alaska, this 29 day of November 2007.

/s/
Michael I. Jeffery
Superior Court Judge

---

**26.** *See* AS 09.17.040(b).

